Vantrease v. Smith.

R. E. VANTREASE *v.* A. J. SMITH *et al.**

(*Nashville.* December Term, 1920.)

1. **MASTER AND SERVANT.** ''Employer'' within compensation act need not have ten persons working at a fixed place.

One using the services of more than ten persons and having more than ten persons regularly in his employ is an "employer" within the meaning of Workmen's Compensation Act, sections 2-4, 6, 19, and such ten persons need not be regularly engaged in work at the place of the injury, and need not work in the same county. (*Post, pp.* 259, 260.)

Acts cited and construed: Acts 1919, ch. 123.

2. **MASTER AND SERVANT.** Workmen's Compensation Act elective, and hence not discriminatory.

The Workmen's Compensation Act is elective, and hence cannot be declared discriminatory. (*Post, pp.* 260, 261.)

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County.— HON. A. B. NEIL, Judge.

PITTS & MCCONNICO and SETH M. WALKER, for appellant.

WM. HUME, for appellees.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

---

*As to who are employers within meaning of workmen's compensation Statutes, see note in L. R. A. 1918F, 179.

On May 29, 1920, the plaintiff, R. E. Vantrease, while employed at the sawmill of the defendant, A. J. Smith, in Nashville, accidentally had two of his fingers crushed.

The defendant, Smith, has never had more than six persons employed at said mill at one time. The affidavit of the defendant, copied into the record, upon this question is as follows:

"Affiant states: That for a number of years he has been engaged in the business of buying, selling, and dealing in cedar, including the manufacture of logs, posts, etc   That continuously since 1915 his office has been located near the corner of Stewart street and McEwen avenue, in the city of Nashville, Davidson county, Tenn., and which location is sometimes referred to as the north side of Cedar street, near the Nashville, Chattanooga & St. Louis Railroad. That adjoining affiant's office at the location aforesaid affiant has been maintaining a distributing yard and also a sawmill, which is equipped with two cut-off saws and one side edger.

"That affiant's business required the employment of different crews of workmen, from time to time, who are moved from one job to another as occasion requires, and that affiant has had such crews of workmen in his employ in the counties of Davidson, Wilson, Williamson, Rutherford, Jackson, Putnam, and Maury, all in Tennessee. For illustration, affiant would purchase a tract of timber, and then organize a crew of workmen, who would cut the timber and transport the same. That this method of doing business, by affiant, has been carried on for several years, so

that at times affiant would have large numbers of persons in his employ which would be connected with the several crews of workmen in the different counties and at the different locations where affiant was engaged in preparing his material for the market. That during all of this period of several years the office of affiant has been located at Nashville, Davidson county, Tenn., at the address above mentioned.

"Affiant further states that from July 1, 1919, up to and including May 29, 1920, he has had more than ten persons regularly employed, and has been continuously and regularly using the services of more than ten persons for pay.

"Affiant also states that from July 1, 1919, up to and including May 29, 1920, he had more than ten person in his regular employ, and was using the services of more than ten persons for pay near Springhill, Maury county, Tenn., and who were engaged in hauling and loading cedar. That on May 29, 1920, there were sixteen persons in the employ of affiant at Springhill, Maury county, Tenn., and there were four persons in affiant's employ at his distributing yard at Nashville, Davidson county, Tenn., in addition to one employee in affiant's office.

"Affiant states that at no time from July 1, 1919, up to and including May 29, 1920, was there ever less than ten persons in his regular employ, but, to the contrary, during all of said period there were more than ten persons in his employ, and whose services affiant was using for pay."

Acting upon the theory that he had more than ten persons in his employ, the defendant undertook to bring him-

self within the provisions of the Workmen's Compensation Act (Laws 1919, chapter 123) by procuring indemnity insurance, and giving the prescribed notice to the State Insurance Commissioner. The defendant did not, however, comply with subsection (d) of section 6 of said act, which provides that an employer, with a force of less than ten persons, desiring to accept the benefits of the act, shall give notice to the State Factory Inspector.

The question is, Did the defendant have as many as ten persons regularly in his employ, at the time of the injury, within the meaning of that term as it appears in said act?

On behalf of the plaintiff it is insisted that the act does not apply for the reason that the intention of the act was that ten or more persons must be regularly engaged in work at the place of the injury; on the other hand, the defendant insists that the language employed is not subject to such a restricted meaning, but is applicable in all cases where the defendant has as many as ten persons regularly in his employ, whether they work in the same place or in the same county or not.

The sections of the act (chapter 123 of the Acts of 1919) that are in any sense pertinent to the issue here involved are as follows:

"Sec. 2. Be it further enacted, that in this act, unless the context otherwise requires:

"(a) 'Employer' shall include any individual, firm, association or corporation, or the receiver, or trustee of the same, or the legal representatives of a deceased employer,

143 Tenn.—17

using the services of not less than ten persons for pay. If the employer is insured it shall include his insurer, unless otherwise herein provided.

"(b) 'Employee' shall include every person, including a minor, in the service of an employer, as 'employer' is defined in paragraph (a) above, under any contract of hire, apprenticeship, written or implied. Any reference herein to an employee who has been injured shall, when the employee is dead, also include his legal representatives, dependents and other persons to whom compensation may be payable under this act."

"Sec. 3. Be it further enacted, that from and after the taking effect of this act, every employer and every employee, except as herein stated, shall be presumed to have accepted the provisions of this act, respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment, and shall be bound thereby, unless he shall have given prior to any accident resulting in injury or death, notice to the contrary in the manner herein provided."

Section 4 provides, in substance, that either the employer or employee may except himself from the provisions of the act by giving notice, and by filing same thirty days prior to any accident resulting in injury or death.

"Sec. 6. Be it further enacted, that this act shall not apply to:

"(a) Any common carrier doing an interstate business while engaged in interstate commerce.

"(b) Any person whose employment at the time of in-

jury is casual, that is, one who is not employed in the usual course of trade, business, profession or occupation of the employer.

"(c) Domestic servants and employers thereof; nor to farm or agricultural laborers and employers thereof.

"(d) In cases where less than ten persons are regularly employed; provided, however, that in such cases the employer may accept the provisions of this act by filing written notice thereof with the State Factory Inspector at least thirty days before the happening of any accident or death, and may at any time withdraw the acceptance by giving like notice of withdrawal."

"Sec. 19. Be it further enacted, that when an accident happens while the employee is elsewhere than in this State, which would entitle him or his dependents to compensation had it happened in this State, the employee or his dependents shall be entitled to compensation under this act if the contract of employment was made in this State, unless otherwise expressly provided by said contract."

From the foregoing it appears that an "employer" is one who uses the services of not less than ten persons for hire, and that the act shall not apply in cases "where less than ten persons are regularly employed."

The defendant was using the services of more than ten persons, and had more than ten persons regularly in his employ, so that he falls strictly within the letter of the statute. The idea that the employment refers to a certain or fixed place is refuted by section 19 of the act, which provides that where an employee is injured while out of

the State he shall nevertheless be compensated if, at the time, he were acting within the scope of his employment under a contract made in the State. It is manifest, therefore, that the legislature intended that the contract of employment, and not the place of the accident, governs the recovery. Had the plaintiff been injured while on a mission for the defendant to Wilson county, and while acting within the scope of his employment, he would be entitled to recover according to all of the authorities. This of itself is a refutation of the place or group theory.

On the other hand, it is very plausibly argued that the numerical provision of the act can only be explained upon the theory that the employees should work in conjunction, or at the same place. It is also insisted that other acts of this character have been sustained solely upon the ground that the classification was reasonable, because it was more dangerous to have a large number of servants and employees working together in the same group or establishment than to have a less number of employees and servants so working together, and authorities are cited to support this theory.

The act in question is not subject to an attack of this character for the reason that it is elective in its nature, and hence cannot be discriminatory.

It is not necessary for us to determine the legislative intent in limiting the application of the act to ten or more employees. Suffice it to say that the legislature said in plain and unequivocal terms that where an employer had as many as ten persons in his employ, the act should ap-

ply, without attaching thereto any restriction as to place, or any provision that such employees should work in conjunction.

The act in question is very broad and comprehensive in its scope, and, under a liberal construction should be given the interpretation we have placed upon it.

As to injuries not covered by the original petition, that is subject to future determination.

The judgment of the circuit court will be affirmed, and the case remanded.