CHARLES W. HUDNALL, Appellee, v. S & W
CONSTRUCTION COMPANY OF TENNESSEE,
INC., Appellant. —451 S.W.2d 858.

Western Section, at Jackson. October 16, 1969.

Certiorari Denied by Supreme Court March 16, 1970.

744

John S. Porter, Memphis, (Burch, Porter & Johnson, Memphis, of counsel), for appellant.

John R. McCarroll, Jr., Hardison, Robertson & McCarroll, Memphis, for appellee.

MATHERNE, J.  This suit involves a common law action for damages brought by an employee of a subcontractor against the principal contractor due to personal injuries received by the plaintiff at Natchez, Mississippi. This action is based upon the alleged negligence of the principal contractor in the construction of a scaffold which collapsed while plaintiff was using it in the performance of his work. The defendant, principal contractor, pled in defense of this suit compliance by it with the Workmen's Compensation Acts of the State of Tennessee and Mississippi, and averred that the plaintiff's exclusive remedy is under the Workmen's Compensation Act of either the State of Tennessee or the State of Mississippi, and that plaintiff has no right to maintain this action against the defendant at common law.

The case was tried without a jury in the trial court. The Trial Judge entered a judgment against the defendant, principal contractor, in the amount of $3,000. The defendant appealed to this Court and the only issue is whether the plaintiff has a common law action against the defendant, principal contractor.

The facts establish that the defendant S & W Construction Company of Tennessee, Inc. is a Tennessee Corporation with its principal office in Memphis, Shelby County, Tennessee. The defendant had a contract to construct certain silos at Natchez, Mississippi. The defendant entered into a contract with TLM & Associates, Inc., a Tennessee Corporation with its principal office at Memphis, Shelby County, Tennessee, to do engineering work involved in the construction of the silos. Plaintiff Charles Edwin Hudnall, a resident of Shelby County, Tennessee, was employed by TLM & Associates as a Structural Design Engineer. This contract of employment was entered into in Shelby County, Tennessee. Plaintiff was sent to the job in Natchez to inspect the reinforcements in the walls of the silo when the accident happened. TLM & Associates do engineering work in the midsouth area generally, which area encompasses portion of states other than Tennessee.

At the time of the accident TLM & Associates had complied with the Workmen's Compensation Law of the State of Tennessee but had not complied with that of the State of Mississippi. S & W Construction Company of Tennessee, Inc. had complied with the Workmen's Compensation Laws of the State of Tennessee and of the State of Mississippi.

It is undisputed that the plaintiff was acting within the scope of his employment and working for the benefit

of his employer under its sub-contract with defendant corporation at the time of the accident. The injury occurred on and about the premises on which the principal contractor had undertaken to execute work, and the premises was under its control and management. Hudnall made claim against his employer TLM & Associates under the Workmen's Compensation Act of Tennessee, and was paid by his employer's compensation insurance carrier all benefits due under that law.

■ It is established in Tennessee that the principal contractor is liable under the Workmen's Compensation Law for compensation for an injury to any employee of his sub-contractor where the injury occurred on, or about the premises on which the principal contractor has undertaken to execute work, or which are otherwise under his control or management. T.C.A. sec. 50-915; Siskin v. Johnson (1925) 151 Tenn. 93, 268 S.W. 630; International Harvester Co. v. Sartain (1948) 32 Tenn.App. 425, 222 S.W.2d 854; Clendening v. London Assur. Co. (1960) 206 Tenn. 601, 336 S.W.2d 535, 337 S.W.2d 603; Bowling v. Whitley (1961) 208 Tenn. 657, 348 S.W.2d 310.

■ Under the Workmen's Compensation Act of Tennessee our courts have held that those provisions of the Act making the principal contractor liable for injuries to a sub-contractor's employee to the same extent as the immediate employer, places primary liability on the principal contractor along with the sub-contractor, and therefore the principal contractor is not a "third party" liable to a common law action by an employee of the subcontractor. T.C.A. sec. 50-908; T.C.A. sec. 50-915; Adams v. Hercules Powder Co. (1943) 180 Tenn. 340, 175 S.W.2d 319; Olsen v. Sharpe (1950) 191 Tenn. 503, 235 S.W.2d

11; Majors v. Moneymaker (1954) 196 Tenn. 698, 270 S.W.2d 328; Clower v. Memphis Light, Gas & Water Division (1965) 54 Tenn.App. 716, 394 S.W.2d 718.

In Billings v. Dugger (1962) 50 Tenn.App. 403, 362 S.W.2d 49 an employee of a sub-contractor was injured when the floor of a house under construction gave way causing him to fall. The employee sued the builder-owner of the house at common law. The defendant pled that he was operating under the Workmen's Compensation Act of Tennessee, and the plaintiff being an employee of a sub-contractor was barred to sue at common law. The Court found the builder-owner to be a contractor subject to the Act, and therefore the plaintiff's sole and exclusive remedy against the defendant was under the Act, and the common law action would not lie.

■ The Workmen's Compensation Act of Tennessee is given extra-territorial effect by T.C.A. sec. 50-917; and if an accident happens outside this State which would have entitled the employee to benefits had it happened within this State, the employee shall be entitled to compensation under the Act if the contract of employment was made in this State, unless otherwise expressly provided by the contract of employment. Basham v. Southeastern Motor Truck Lines (1947) 184 Tenn. 532, 201 S.W.2d 678.

■ The plaintiff could not sue the defendant, principal contractor, under T.C.A. sec. 50-914 on the ground that the defendant is "some person other than the employer" against whom the plaintiff could bring a common law action as provided for in that statute.

In Majors v. Moneymaker, supra, the Court, in deciding what persons might be subject to a third party suit at

common law under T.C.A. sec. 50-914, held that persons within the compensation system, i. e. all persons subject to the provisions of the Tennessee Workmen's Compensation Act would not be subject to this common law action, citing McVeigh v. Brewer (1945) 182 Tenn. 683, 189 S.W.2d 812; Olsen v. Sharpe, supra.

In the case at bar the defendant principal contractor, the sub-contractor and the plaintiff employee of the sub-contractor were all within the compensation system of the State of Tennessee and would not be considered "some person other than the employer" as used in T.C.A. sec. 59-914.

We therefore conclude that under the Law of the State of Tennessee the plaintiff could not sue the defendant at common law under the facts of this case.

Plaintiff insists that he is entitled to sue at common law in the courts of Tennessee because in tort actions the law of the place of the wrong prevails, citing Venuto v. Robinson, 3 Cir., 118 F.2d 679 and Patterson v. Smith, 57 Tenn.App. 673, 424 S.W.2d 204. Plaintiff argues that the law of the State of Mississippi therefore governs this lawsuit, and unless the Workmen's Compensation Act of that State bars his common law action the suit is not barred in the courts of Tennessee; and the courts of Tennessee must apply and enforce the law of the State of Mississippi in this respect.

Plaintiff admits that the Workmen's Compensation Act of Mississippi is identical with that of Tennessee wherein each Act constitutes the exclusive remedy as against the employer for claims arising under either Act. Mississippi Code sec. 6998-05. However, plaintiff argues that the section of the Mississippi Act (6998-04) which

governs the liability of the principal contractor for injuries sustained by an employee of his sub-contractor differs greatly from the Tennessee Act; and that this difference would permit a common law action by Hudnall against the defendant in the State of Mississippi.

Section 6998-04 of the Mississippi Code provides:

"In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor, unless the subcontractor has secured such payment."

The statement in the Mississippi Act which differentiates it from the Tennessee Act is "* * * unless the subcontractor has secured such payment."

Plaintiff insists the sub-contractor TLM & Associates had "secured such payment" by complying with the Workmen's Compensation Act of Tennessee; and the extra-territorial effect given the Tennessee Act would cover the injuries sustained by plaintiff in the State of Mississippi. Plaintiff concludes that the sub-contractor TLM & Associates having thus "secured such payment" the defendant principal contractor is not liable under the Mississippi Act, and therefore under the law of the State of Mississippi the plaintiff can maintain a common law action against the defendant.

The fallacy of plaintiff's position is first noted in that he admits the Workmen's Compensation Act of Tennessee must be applied in order to make controlling the construction he seeks of the Mississippi Act. Plaintiff's immediate employer, did not comply with the Mississippi Act and the only way plaintiff can argue that his immediate employer, the sub-contractor, "has secured such

payment" under the Mississippi Act is to hold the injuries compensible under the Tennessee Act. It is true the injuries under the facts of this case are compensible under the extraterritorial effect of the Tennessee Act.

■ Plaintiff's argument therefore requests a Tennessee court in a contest wherein all parties are citizens of the State of Tennessee to apply the law of Tennessee so as to activate the law of Mississippi with a result which is wholly repugnant to the law of Tennessee which was applied in the first place. Under the facts of this case to give the Mississippi Act the construction sought by the plaintiff would be contrary to the established public policy of the State of Tennessee; and would subject a citizen of the State of Tennessee to a common law liability absolutely forbidden under the law of the State of Tennessee.

We do not deem it necessary to determine the meaning of the words "* * * unless the subcontractor has secured such payment" as used in the Mississippi Act. If we adopt the construction insisted upon by the plaintiff we come to the reasoning above stated, and find the result repugnant to the law and public policy of the State of Tennessee and therefore not enforceable in the courts of this State under the facts of this case.

We further hold that this common law action cannot be sustained in the courts of Tennessee because under the facts of this lawsuit the Workmen's Compensation Act of Tennessee is applicable.

■ The Workmen's Compensation Act of Tennessee imposes its terms upon all contracts of employment that it covers. Moore v. Nashville Union Stock Yards (1936) 169 Tenn. 638, 90 S.W.2d 524.

■ "The question whether or not a workman has a cause of action against his employer for damages for personal injuries based on the employer's negligence has been held to be governed by the law of the place where the injuries occurred. However, the law of the place of injury will not be enforced contrary to the public policy of the forum." 99 C.J.S. Workmen's Compensation sec. 22d, p. 151 citing Urda v. Pan Am World Airways, C.A. 5, 211 F.2d 713.

■ "* * * a court will not enforce a right of action against the employer based on tort under the law of the place where the injury occurred when the compensation law of the forum is applicable and provides an exclusive remedy against the employer." 99 C.J.S. Workmen's Compensation sec. 23e citing Hockmuth v. Perkins, 55 Ga.App. 649, 191 S.E. 156; Gentry v. Jett, 235 Ark. 20, 356 S.W.2d 736.

It is true the foregoing authorities refer to the action of the employee against his employer, whereas in this lawsuit we have a claim by the employee of a sub-contractor against the principal contractor. However, the same rules are applicable because under the authorities herein cited the Workmen's Compensation Act of Tennessee places the principal contractor on the same footing as the sub-contractor insofar as the injured employee of the sub-contractor is concerned. They are both primarily liable under the Act as "employer" and the Act affords the exclusive remedy to the employee of the subcontractor for all claims compensible thereunder. Adams v. Hercules Powder Co., supra.

We conclude that where the principal contractor, the sub-contractor and the sub-contractor's injured employee

are all citizens of the State of Tennessee; the contract of employment of the employee by the sub-contractor was executed in Tennessee; both the sub-contractor and the principal contractor had complied with the Workmen's Compensation Act of Tennessee; the sub-contractor's employee was injured in another state under circumstances which would have been compensible had the injuries occurred in Tennessee, the Workmen's Compensation Act of Tennessee provides the exclusive remedy in the courts of Tennessee as against the principal contractor and the sub-contractor; and should a suit at common law be brought against the principal contractor in the courts of Tennessee to recover damages for these injuries based on the negligence of the principal contractor, that action is barred by the Workmen's Compensation Act of Tennessee if that Act is pleaded as a defense.

It results that the Trial Court erred in awarding judgment against the defendant. The judgment of the Trial Court is reversed and the suit is dismissed at the cost of the plaintiff.

Carney and Taylor, JJ., concur.