BASIL F. MILLICAN, Plaintiff in Error,

*v.*

LIBERTY MUTUAL INSURANCE COMPANY,
Defendant in Error.

WILLIAM B. MILLER, Plaintiff in Error,

*v.*

LIBERTY MUTUAL INSURANCE COMPANY,
Defendant in Error.

460 S.W.2d 842

(*Knoxville,* September Term, 1970.)

Opinion filed November 16, 1970.

WENDAL D. JACKSON, Bristol, for plaintiffs in error; JOHN H. CARY, HAYNES, GILREATH & CARY, Knoxville, of counsel.

J. PAUL COLEMAN, Johnson City, for defendant in error.

MR. JUSTICE CRESON delivered the opinion of the Court.

This is a Workmen's Compensation proceeding in which the plaintiffs in error, Basil F. Millican and William B. Miller, are appealing from an adverse judgment in favor of defendant in error, Liberty Mutual Insurance Company, insurer of the F.M.C. Corporation, headquartered in San Jose, California. The causes were heard and disposed of together in the Chancery Court of Knox County, Tennessee; and were argued together before this Court sitting in Knoxville, Tennessee, and are to be decided in one opinion.

In the course of this opinion, the parties will be referred to as they appeared in the trial court; that is, Basil F.

Millican and William B. Miller as petitioners, and Liberty Mutual Insurance Company as defendant.

Petitioners are employees of the F.M.C. Corporation, American Viscose Division, whose Southern Regional Headquarters is in Atlanta, Georgia. Petitioner Millican is a resident of Georgia and was hired in Georgia, and holds the position of Southern Regional Sales Manager working out of Atlanta, Georgia. Mr. Millican's responsibilities include calling upon business clients of F.M.C. in eleven states, including Tennessee. Petitioner Miller is a resident of North Carolina, was hired in North Carolina, and holds the position of a sales representative for the Southern Regional Headquarters in Atlanta, Georgia. As a sales representative, Mr. Miller's territorial responsibilities reach into four states, including Tennessee. Further, petitioner Miller's position requires that he report to petitioner Millican.

The facts are not in substantial dispute. On May 22, 1968, petitioners were in Tennessee making sales calls in the East Tennessee area. Petitioner Miller was driving the automobile in which petitioner Millican was a passenger. Petitioners had made two sales calls in Bristol, Tennessee, and were en route to Johnson City, Tennessee, to make additional sales calls. While traveling on U. S. Route 23 in Washington County, Tennessee, petitioner Miller stopped his automobile in the line of traffic, and was struck in the rear by another automobile.

On March 30, 1970, petitioners each filed a petition for Workmen's Compensation in Knox County, Tennessee. Each petitioner averred that he and his employer, F.M.C., were subject to the Workmen's Compensation Laws of Tennessee, and that the employer had actual knowledge

of the accident and injury. Petitioner Millican averred that he "suffered permanent and disabling injuries to his head, neck, back, and central nervous system, and severe and total damages to the nerves of his right eye. * * *" Petitioner Miller averred that he "suffered permanent and disabling injuries to his head, neck, back and central nervous system and his left hand. * * *"

On April 9, 1970, defendant filed a plea in abatement to each petition, alleging that Tennessee did not have jurisdiction to entertain petitioners' actions because neither petitioner was a resident of Tennessee nor hired in Tennessee, notwithstanding that the accident and injury occurred in Tennessee; that the employer had filed its report of the accident and injury with the Georgia State Board of Workmen's Compensation; further, that the aforementioned Board was the "exclusive forum" in which petitioners could "lawfully seek redress".

Upon hearing testimony which established that F.M.C. has two offices and several other divisions in Tennessee and was qualified to participate in Tennessee's Workmen's Compensation Laws, and upon argument of counsel, the Chancellor found the pleas in abatement to be good and sustained them; resolving all issues in favor of defendant.

Petitioners prayed and have perfected their appeal to this Court.

The issue raised in each cause is the same; that is, whether petitioners, although hired in another state, may maintain an action for benefits under Tennessee's Workmen's Compensation Act when each incurred an accidental injury while in the scope and course of their employment in Tennessee?

Petitioners, citing *United States Casualty Company v. Standard Accident Insurance Company* (1940), 175 Tenn. 559, 136 S.W.2d 504, argue that said case, decided by this Court, holds that a workman, hired by an out-of-state employer which is qualified under Tennessee's Workmen's Compensation Act, who is injured in Tennessee while in the course of his employment, may elect to claim compensation under the laws of either state. It is argued further that petitioners' employer required petitioners to work in Tennessee, provided Workmen's Compensation insurance for them while in Tennessee, therefore, Tennessee should have sufficient interest to require the application of its Workmen's Compensation Act to these petitioners.

Defendant argues primarily that this Court has consistently held that our Workmen's Compensation Act is contractual and that the law of place of contracting governs, not the place of the accident and injury. Defendant cites several cases in support of its position; none of which are applicable to the case at bar. In *Smith v. Van Noy Interstate Co., et al.* (1923), 150 Tenn. 25, 262 S.W. 1048; *Tidwell v. Chattanooga Boiler & Tank Co.* (1931), 163 Tenn. 420, 43 S.W.2d 221; and *Vantrease v. Smith, et al.* (1920), 143 Tenn. 254, 227 S.W. 1023, cited by defendant, the contracts for employment were made in Tennessee and the accident occurred outside Tennessee, except in *Vantrease v. Smith;* there the accident occurred in Tennessee also. Those cases relied on T.C.A. sec. 50-917, "Extraterritorial application of law", as authority for the proposition that where a workman enters into an employment contract in Tennessee for work outside Tennessee, and is subsequently injured while in the scope

and course of his employment, outside Tennessee, he may recover under Tennessee's Workmen's Compensation Act. We agree, but that is not the case at bar.

Defendant also cites and relies upon *Employers' Liability Assurance Corporation, et al. v. Warren* (1938), 172 Tenn. 403, 112 S.W.2d 837. In that case, the contract of employment was entered into in Kentucky. That contract contemplated service by the employee in Tennessee. The Kentucky Workmen's Compensation Law was enforced by this Court. The employee had lost his life while in Tennessee in the course and scope of his employment. It is apparent in the opinion in that case that the pleadings, proof and argument of the petitioner there were directed to enforcement of the Kentucky Workmen's Compensation Law. No question as to the Tennessee trial judge's jurisdiction was timely raised. The case proceeded throughout on the theory that the employee's rights must stand or fall on the Kentucky compensation law. In a rather exhaustive opinion for the Court by Mr. Justice Chambliss, this Court simply approved the petitioner's choice of the Kentucky law; though clearly recognizing again the rule that Tennessee will not enforce Workmen's Compensation law of another state where the right and remedy are so intertwined that the right cannot be enforced except in the manner and before the tribunal designated by the Act. Such is not the case here, so far as this record discloses; and no more appears than that the employee's option to proceed under the law of the state where the injury occurred within the contemplation of the employment or the law of the state of employment is recognized. See also Tennessee Workmen's Compensation, Stone and Williams, p. 20.

On the basis of the principles and construction enunciated in the cases heretofore cited, the judgments of the court below are reversed and the causes remanded for further proceedings. Costs of the causes in this Court are assessed to the defendant; costs of the court below to abide ultimate disposition of the cases there.

DYER, CHIEF JUSTICE, and CHATTIN, HUMPHREYS and McCANLESS, JUSTICES, concur.