497

Donald BRYANT, Appellee-Petitioner,

v.

O. T. SEWARD, d/b/a Cudjo's Cave and
United States Fidelity and Guaranty
Company, Appellants-Defendants.

Supreme Court of Tennessee.

Feb. 5, 1973.

Keith McCord, Egerton, McAfee, Armistead, Davis & McCord, Knoxville, for appellee-petitioner.

Robert R. Campbell, Knoxville, for appellants-defendants; Hodges, Doughty & Carson, Knoxville, of counsel.

OPINION

DYER, Chief Justice.

This case comes on appeal from the judgment of the trial court finding the petitioner, Donald Bryant, entitled to recover under the Workmen's Compensation Laws of the State of Tennessee.

On August 1, 1968, the petitioner was employed by O. T. Seward, dba, Cudjo's Cave as a "cave guide." O. T. Seward leased and operated a tourist attraction at Cumberland Cap, Tennessee, on the Tennessee-Virginia State line. The attraction consisted of Cudjo's Cave, which is located entirely in Virginia, and a souvenir shop which is also located in Virginia, but includes within its business premises some property in Tennessee. The cave and the shop are on opposite sides of Highway 25–E.

Both employer and employee are residents of Tennessee. The employee's duties included guiding visitors on walking tours,

assisting customers in the souvenir stand, performing general clean-up work throughout the premises, preparing and placing signs advertising the attraction alongside roads in Tennessee and Virginia, and, according to the petitioner's evidence, helping on the employer's farm in Tennessee.

On August 1, 1968, while bringing a tour from the cave to the souvenir stand, the petitioner was struck by an automobile on Highway 25–E in Virginia and was seriously injured. Soon thereafter, the petitioner began to receive checks from defendant, United States Fidelity and Guaranty Company, for amounts in accordance with the Tennessee Workmen's Compensation Laws. These payments of $42.00 per week for temporary total disability continued for fifty-three weeks. Defendant also paid the petitioner's medical and hospital bills incurred in connection with his injuries.

About one year after the injury, payments by the defendants ceased and petitioner was advised that his compensation benefits would be governed by the laws of the State of Virginia. On advice of counsel, the petitioner took no steps to establish a claim under Virginia law and instead commenced this action in the Circuit Court of Claiborne County. The case was heard on the merits and the trial judge rendered judgment in favor of the petitioner for benefits according to rates applicable under the Tennessee Workmen's Compensation law.

The defendants have sought review of the judgment contending that no material evidence supports the awarding of benefits by the trial court and the only benefits to which the petitioner is entitled are those under Virginia law. They argue that the trial judge erred in determining that the defendants were estopped from asserting that the petitioner was not entitled to recover under Tennessee law.

It is undisputed the petitioner has sustained an injury which arose out of and in the course of employment. The trial judge was correct in finding a cause of action did exist under the Virginia and Tennessee statutes to the extent such statutes applied.

The defendants argue it is necessary to determine that a cause of action for Tennessee coverage exists before a judgment requiring payments under the Tennessee schedule can be ordered. Their contention is simply that the petitioner was without any right to Tennessee coverage, and that the maximum liability was the amount specified by Virginia law. Therefore, it is necessary to consider petitioner's rights under Tennessee law.

The Tennessee Workmen's Compensation Act has been held to apply only in situations where the employment contract was made in Tennessee or where the injury occurred in Tennessee. T.C.A. § 50–917 provides coverage for injuries incurred while working under a contract made in Tennessee. Hudnall v. S & W Construction Co. of Tennessee, Inc., 60 Tenn.App. 743, 451 S.W.2d 858 (1970); Smith v. Van Noy Interstate Co., 150 Tenn. 25, 262 S.W. 1048 (1923). The Act has also been construed to apply to an injury occurring in Tennessee although the contract was made elsewhere. Millican v. Liberty Mutual Ins. Co., 224 Tenn. 604, 460 S.W.2d 842 (1970).

The factual situation here does not bring this case within the rules extending explicit coverage to Tennessee injuries or Tennessee contracts. It is undisputed that the injury occurred in Virginia. There is dispute regarding the lex loci contractus in this case. The employer testified that all his hiring activity was done at the place of business although this employment contract was not singled out in the testimony. The employee's testimony raised the possibility of contract negotiations and agreement by telephone between the two Tennessee residents. There is dispute as to whether the trial court's reference to a Virginia contract is a finding of fact or a restatement of the defendants' assertions. It is clear, however, that the trial court did not find as a fact that a Tennessee contract was in-

volved and a determination that this was a Tennessee contract governed by Tennessee law would be unjustified here.

There is much in this record, however, to warrant Tennessee's interest in this employment relation and these parties. The employment relationship of this employer and employee involved the performance of some work in Tennessee, the location of a portion of the business premises within Tennessee, and possibly some contract negotiations within Tennessee. More importantly, however, both the employer and the employee are Tennessee residents. Thus, the application of Tennessee law would simply be an adjudication of rights between two persons who, for all material time periods, have been Tennessee residents. As Professor Larson has said, the place of the claimant's residence "has an interest of specific relevance to compensation law; for if the employee is left uncompensated or under-compensated, it is his local community that will have to bear the expense of direct assistance and relief." A. Larson, Workmen's Compensation Law § 86.34 (1971).

■ Under the facts of this case, the claimant employee has presented a cause of action that is within the coverage of the Tennessee Workmen's Compensation Act and the employee properly exercised his option to proceed under this Act. Millican v. Liberty Mutual Ins. Co., *supra*. Most cases brought under the Workmen's Compensation Act involve contracts made in Tennessee. Additionally, sometimes actions based on injuries in Tennessee may be presented. By the decision in this case, an additional category of cases is determined to be within the statute's coverage, but this category is necessarily limited to those few cases presenting unique factual situations wherein the involvement of Tennessee is very substantial despite the fact that the contract and the injury were elsewhere. See Langschmidt, "Choice of Law in Workmen's Compensation," 24 Tenn.L. Rev. 322 (1956).

■ There is no constitutional barrier to the application of Tennessee law because Tennessee has a "legitimate interest" in the controversy and there is a "substantial connection" between Tennessee and the "particular employer-employee relationship." Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028 (1947). See A. Larson, supra, § 86.00; Restatement (Second) Conflict of Laws § 182 (1971). The fact that the petitioner may be able to recover under the Workmen's Compensation Laws of the State of Virginia does not affect his rights under Tennessee law, because more than one statute can apply to a single injury. A. Larson, supra, § 85.00. Likewise, the petitioner has not acted on his Virginia claim so as to renounce his rights under Tennessee law. Tidwell v. Chattanooga Boiler and Tank Co., 163 Tenn. 420, 43 S.W.2d 221 (1931).

In light of the substantial Tennessee interest in this matter and the statutory instruction in T.C.A. § 50–918 to liberally construe the Act, the extension of coverage to this claimant does not work an injustice. Rather, it seems most equitable to allow the employee the option to pursue his claim in Tennessee under these facts. His choice, no doubt, reflects a judgment regarding the availability of witnesses, enforcement machinery and jurisdiction over the defendant as well as the disparity in the level of benefits in Virginia ($14.00 per week) and Tennessee ($42.00 per week).

There are, therefore, sufficient facts supported by material evidence to support a determination that the employee is entitled to benefits under the Tennessee Workmen's Compensation Act in this case. It is not necessary to consider the questions raised regarding whether the doctrine of equitable estoppel may properly be invoked here. Inasmuch as a right of action under Tennessee law existed in favor of the employee, it does not matter whether or not the voluntary payments by the defendants gave rise to an estoppel which would pre-

vent a denial by the defendants that Tennessee coverage existed. Regardless, for the reasons stated above, the employee was entitled to benefits under Tennessee law, and the claim would be upheld even in the absence of an estoppel.

The judgment of the trial court is affirmed.

CHATTIN, HUMPHREYS and McCANLESS, JJ., and WILSON, Special Justice, concur.