Harold RAY, Appellant,

v.

**AETNA CASUALTY & SURETY CO.,**
Appellee.

Supreme Court of Tennessee.

Dec. 16, 1974.

Robert H. Pepper, Memphis, for appellant.

John R. McCarroll, Jr., Memphis, for appellee.

## OPINION

HARBISON, Justice.

This is an action for workmen's compensation benefits resulting from an occupational disease. The primary issue is whether or not the action can be maintained under the workmen's compensation law of this state.

The facts of the case are undisputed, and the suit was dismissed by the trial court on motion for summary judgment filed by the appellee.

The complaint alleges that appellant was employed by Owens-Corning Fiberglass Corporation at a job site in New Madrid, Missouri on two different occasions in 1972. It is alleged that the employment was secured through the hiring hall of a union in Memphis, Tennessee, where appellant resides. The complaint alleges that both the employer and the employee had accepted and were subject to the terms and provisions of the Tennessee Workmen's Compensation Act.

The only defendant named in the action was the workmen's compensation insurance carrier for the employer, although it was alleged in the complaint, and not denied, that the employer had an office and place of business in Tennessee. The complaint alleges that appellant became totally disabled from work on or about October 15, 1972 as the result of the occupational disease known as asbestosis, which is one of the occupational diseases covered under the Tennessee Workmen's Compensation Act, T.C.A. § 50–1101.

The defendant questioned the jurisdiction of the court, contending among other things that the Tennessee workmen's compensation law was not applicable and that the claim of the appellant was subject to the workmen's compensation law of Missouri. A number of other defenses were asserted, such as lack of notice and the statute of limitations under the workmen's compensation laws of both Tennessee and Missouri.

A number of depositions and exhibits were filed by the appellee in support of its motion for summary judgment, and there were no counteraffidavits or exhibits submitted by appellant. Among the materials filed in support of the motion were the discovery deposition of appellant himself, that of the business agent of the Memphis local, and a copy of the workmen's compensation law of Missouri.

Appellant is 45 years of age and has lived in Memphis all of his life. During most of his adult life he has been an insulation worker. He has followed this occupation with a number of employers, and has been a member of an asbestos workers' union for many years.

There is no dispute in the record but that the actual contract of employment in this case was made on the job site in New Madrid, Missouri. Both appellant and the business agent of the union testified that there was no hiring done in the State of Tennessee. When the project superintendent for the employer needed men on the construction job in question, he notified the business agent of the union, and the agent in turn made available to union members information concerning the job opportunity. The agent testified, however, that he had no authority to make a contract of employment for the employer, and that the employer had the right to reject

any applicant who presented himself for employment at the job site. Appellant himself testified that he received information that insulation workers were needed on the job in question, and that he went to New Madrid, where he signed the necessary employment forms, including the forms authorizing the withholding of income taxes and social security benefits. He stated:

"I was hired in New Madrid on the job."

Appellant was first employed during the period from February 21, 1972 to March 19, 1972. He testified that he was having difficulty breathing and suffered from loss of strength, so that he left the job in March and returned to Memphis for medical treatment. He underwent a lung biopsy and other medical care. Improving to some extent, he worked in Memphis during the summer of 1972 for two different employers, these jobs having been obtained through the union. He then returned to the New Madrid job and was re-employed from August 15, 1972 until October 11, 1972. Again, due to difficulty in breathing and loss of strength, appellant left the job and returned to Memphis.

There is no dispute but that all of the work done by appellant for the employer was performed in the State of Missouri. He has, however, asserted a claim for workmen's compensation benefits under the statutes of the State of Tennessee.

The question presented, therefore, is whether or not the Tennessee workmen's compensation law has application, where the contract of employment occurred in another state, the work was performed there, and the disability occurred there. There is no contention that appellant ever worked for this employer at any time other than during the period specified above, or at any place other than in the State of Missouri.

The trial court dismissed the action, finding that there were insufficient contacts with the State of Tennessee to enable the court to apply the Tennessee law to the claim. He held that the claim should have been asserted under the law of the State of Missouri.

The subject of which of several possible compensation laws should be applied to a particular claim is discussed in depth in 3 Larson, Workmen's Compensation Law, ch. XVI (1972). It is there noted that any one of a number of states may have a legitimate interest in a particular workmen's compensation claim, among these being the state where the contract of employment was made, the place where the work was performed, or the place of injury. At § 87.60 of the text the following statement is made:

"The place of the employee's residence, although having a very real interest as the community which might have to support a disabled and uncompensated workman, has never either by judicial decision or statute been held entitled to apply its statute on the strength of the residence factor alone."

The Tennessee workmen's compensation statute has extraterritorial application when a compensable accident occurs outside of the state, if the contract of employment was made in Tennessee, unless otherwise expressly provided by the contract of employment. T.C.A. § 50–917. This Court has also permitted recovery under the Tennessee Workmen's Compensation Act where the accidental injury occurred within the boundaries of the state, even though the contract of employment was made in another state. Millican v. Liberty Mutual Insurance Company, 224 Tenn. 604, 460 S.W.2d 842 (1970); Hudnall v. S & W Construction Company of Tenn., Inc., 60 Tenn.App. 743, 451 S.W.2d 858 (1969). In some cases a question of fact is presented as to the place of injury or disability, and the findings of the trial court

in that regard, if based upon material evidence, will not be disturbed on appeal. Brewer v. Pocahontas Coal Company, 221 Tenn. 130, 425 S.W.2d 582 (1968).

In the recent case of Bryant v. Seward, 490 S.W.2d 497 (Tenn.1973), it was held that Tennessee had sufficient connection with and interest in a particular employer-employee relationship to apply its workmen's compensation law, even though the injury occurred in Virginia. In that case both the employer and the employee resided in Tennessee, the premises of the employer were situated on the state line, and the work of the employee was done within the boundaries of both states. The Court said:

> "Thus, the application of Tennessee law would simply be an adjudication of rights between two persons who, for all material time periods, have been Tennessee residents."

490 S.W.2d at 499.

■ In the present case it is undisputed that the only contacts which the State of Tennessee has with the workmen's compensation claim in question are that the disabled workman is a resident of the state and that he was notified of the job opportunity through his local union. It is true that the employer has workmen's compensation insurance coverage sufficient to satisfy the requirements of the law of this state as well as of other states in which it operates, and that jurisdiction has been obtained in the state courts over the workmen's compensation carrier of the employer. We hold, however, that these are insufficient contacts with the state to justify the application of the local workmen's compensation law to the claim, since the contract of employment, the performance of the work and the injury all occurred in another state.

Appellant did not seek to invoke Missouri law in this case, and it probably is not necessary to discuss in detail the problem of whether or not the courts of this state should undertake to enforce the workmen's compensation laws of another jurisdiction. There is a prayer for general relief in the complaint, but appellant has not insisted in this Court that consideration should be given to the case under the law of Missouri.

The Missouri workmen's compensation law is administered by an industrial commission, which has continuing supervision and jurisdiction over a workmen's compensation claim. The system differs materially from that of Tennessee, where workmen's compensation claims are primarily enforced through the court system. In one case the courts of Tennessee did undertake to enforce the workmen's compensation law of Kentucky, Employers' Liability Assurance Corp. v. Warren, 172 Tenn. 403, 112 S.W.2d 837 (1938), but in the following year the Court declined to permit a claim under the workmen's compensation law of the State of Florida to be enforced in the Tennessee courts. Davis v. Swift & Company, 175 Tenn. 210, 133 S.W.2d 483 (1939).

■ The general rule is that courts of one state will not enforce the workmen's compensation laws of another jurisdiction, where the other state has provided a special tribunal to administer claims thereunder. 3 Larson, Workmen's Compensation Law, § 84.20. There is probably no constitutional limitation upon the power of the courts of one state to enforce the workmen's compensation law of another, but as stated in Larson:

> "There is a strong practical reason underlying these decisions which is more than adequate to account for them, quite apart from any constitutional considerations. In most acts administered by commissions, the substantive rights created by the Workmen's Compensation Act involve more than a certain number of dollars. The purpose of commission

administration is not merely to settle disputes and award sums of money, but also to maintain supervision over the entire process of seeing that the claimant receives the full benefits of the Act, including medical care and rehabilitation, with whatever adjustments from time to time might become necessary. Suppose the Workmen's Compensation System of State X were of the most highly developed type, complete with an administrative director, constant supervision of lifetime benefits, continuous jurisdiction of the commission over the award, rehabilitation and vocational programs, reopening features, and so on. How could the courts of State Y purport to confer these benefits upon the claimant? The benefits are inextricably intertwined with the entire administrative process and cannot be separated from it. This is undoubtedly the practical reason for the holding that commission-administered compensation acts will not be applied in foreign states."

In addition to holding that the present claim would not be entertained in the Tennessee courts, the trial court further found under the facts that the action was barred under the laws of both Missouri and Tennessee by reason of lack of notice and by operation of the statute of limitations. The Court further found that there was insufficient duration of employment under the law of Missouri for coverage to extend to the particular occupational disease in question.

We find it unnecessary to decide these questions, because the record supports the conclusion of the trial court that the workmen's compensation law of this state should not be applied to the claim.

The judgment of the trial court is affirmed at the cost of the appellant.

FONES, C. J., and COOPER, BROCK and HENRY, JJ., concur.