**Eddie PERKINS, Plaintiff–Appellant,**

v.

**BE & K, INC., and United States Fidelity & Guaranty Company, Inc., Defendants–Appellees.**

Supreme Court of Tennessee,
at Knoxville.

Dec. 31, 1990.

Rehearing Denied Feb. 19, 1991.

Max E. Wilson, Wilson & Wilson, Mountian City, for plaintiff-appellant.

Thomas R. Grayson, Grayson, Hawkins & Wright, Mountian City, for defendants-appellees.

## OPINION

REID, Chief Justice.

This worker's compensation case presents an appeal by the employee from an order of the Circuit Court of Johnson County granting the employer's motion for summary judgment. The employee attacks the trial court's finding that he is not entitled to benefits under Tennessee law. The judgment of the trial court is affirmed.

■ The determinative facts are not disputed. Appellant, a millwright, who in previous periodic employments had worked for the employer, was contacted by telephone at his residence in Johnson County, Tennessee, by a representative of the employer, a Florida corporation that maintained no office in Tennessee. The representative advised appellant the employer had openings for millwrights at its construction project at Covington, Virginia. Appellant proceeded to the site, where he completed an application for employment, worked for several weeks, and was injured in the course of his employment.

Pursuant to an "Agreement for Compensation" executed by the appellant and the employer's insurance carrier and an "Award" issued by the Virginia Department of Workmen's Compensation, the appellant received as the result of the injury temporary total disability benefits for approximately fifty weeks in the sum of $17,200 and medical expenses of $18,500. The "Agreement for Compensation" set forth the employee's name, his address in Tennessee, the name and address of his employer, the name of his employer's insurance carrier, the date, place, nature and cause of his injury, his average weekly wage, his weekly benefit, and a provision that benefits would continue until terminated in accordance with the workmen's compensation law of Virginia. At a hearing before the Virginia Industrial Commission held approximately fifteen months after the injury, of which the appellant had no-

tice but did not attend, the appellant was found to be able to return to his regular employment. The complaint in this case was filed twenty days later.

The appellant insists that because he was contacted by telephone at his residence in Tennessee he was employed in Tennessee within the meaning of T.C.A. § 50–6–115 and that his acceptance of benefits under the workmen's compensation law of Virginia does not preclude entitlement to Tennessee benefits because he did not understand the agreement pursuant to which he accepted the $35,700 in benefits.

The affidavits submitted by appellant do not state facts supporting his assertion that he was employed in Tennessee within the meaning of T.C.A. § 50–6–115. The statute provides as follows:

> If an employee, while working outside the territorial limits of this state, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this chapter had such injury occurred within this state, such employee, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this chapter, provided that at the time of such injury:
>
> (1) The employment was principally localized within this state; or
>
> (2) The contract of hire was made in this state.

His affidavit shows that the company representative "stated to [him] that the company was going to be working in Covington, Virginia," and that as a result of the phone call he proceeded to Covington, Virginia, where the "work papers" were signed. The appellant's work was confined to the site in Virginia where the injury occurred. The only event that happened in Tennessee was the employer's telephone call to the appellant notifying him of available work at the project site in Virginia. Such notification does not constitute a contract of hire within the meaning of T.C.A. § 50–6–115(2). Since the employment contract was not made in Tennessee, the entire period of employment was outside Tennessee, and the injury occurred outside Tennessee, the employee is not entitled to

worker's compensation benefits under Tennessee law.

■ Furthermore, the employee made an election to receive benefits under Virginia law and, therefore, is precluded from claiming benefits under Tennessee law. He asserted in his affidavit that he "never intended to be bound by or accept the law of the state of Virginia concerning any benefits to which [he] was entitled," and now relies upon *Hale v. Commercial Union Assurance Companies,* 637 S.W.2d 865 (Tenn.1982), in which the Court found that the employee had not made an election under Arkansas law. The employee in *Hale* had worked for the employer in Memphis for several years when she was transferred temporarily to the employer's store in Arkansas, where the injury occurred. She made no objection when advised by her employer that she would receive benefits "out of Arkansas" because she was injured there. This Court found no evidence that the employee had taken any affirmative action to obtain benefits under Arkansas law and held that the receipt of disability benefits for nine weeks and payment for medical expenses was not evidence of a binding election requiring the dismissal of the complaint on the employer's motion.

The case before the Court is similar to *Ray v. Aetna Casualty & Surety Company,* 517 S.W.2d 194 (Tenn.1974). In *Ray* the employee was notified at his residence in Tennessee by a union representative that employment was available in Missouri. The contract of employment was entered into in Missouri, the work was performed in Missouri, and the employee was injured in Missouri. The employee did not make application for nor receive benefits under the law of Missouri. The Court held that the contacts with Tennessee, similar to those in this case, were insufficient to justify the application of the Tennessee worker's compensation law to the claim. *Id.* at 197. In *True v. Amerail Corporation,* 584 S.W.2d 794 (Tenn.1979), a Tennessee resident, who was employed principally in Tennessee under a contract of employment made in Tennessee but was injured while working in Virginia, was found to have made a binding election to accept the benefits of the law of Virginia. The employee had executed a memorandum of agreement as to payment of compensation similar, if not identical, to the instrument executed by the employee in the present case and received under Virginia law temporary total disability benefits. In denying benefits under Tennessee law, the Court reaffirmed its holding in *Thomas v. Transport Ins. Co.,* 532 S.W.2d 263 (Tenn.1976), which reads:

[I]f the employee has taken any affirmative action to seek a recovery under the law of that state, or has voluntarily, deliberately and with full knowledge of his options, accepted benefits under Arkansas law, he may well be precluded by this election and may not be entitled to proceed in Tennessee. *See Tidwell v. Chattanooga Boiler & Tank Company,* 163 Tenn. 420, 43 S.W.2d 221 (1931). On the other hand, if the employee, while seriously injured and disabled, was simply sent checks by a workmen's compensation carrier, with no information as to the nature of the benefits being received, he may not be so precluded.

*Id.* at 267.

■ These cases demonstrate that the circumstances of each case must be considered in determining whether the employee has made a binding election. The mere acceptance of benefits from another state does not constitute an election, but affirmative action to obtain benefits or knowing and voluntary acceptance of benefits from another state will be sufficient to establish a binding election.

The execution of the agreement, the acceptance of benefits, and the other circumstances of this case constitute a showing that the employee made a binding election to receive benefits under Virginia law, which election precludes the awarding of benefits under Tennessee law.

The judgment of the trial court dismissing the case is affirmed. The costs are taxed to the appellant.

DROWOTA, O'BRIEN, DAUGHTREY, and ANDERSON, JJ., concur.