Leon MATTHEWS, Plaintiff-Appellant,

v.

ST. PAUL PROPERTY AND
LIABILITY INSURANCE,
Defendant-Appellee.

Supreme Court of Tennessee,
at Nashville.

Oct. 26, 1992.

Robert L. Huskey, Manchester, for plaintiff-appellant.

L. Marie Williams, Gary W. Starnes, Chattanooga, for defendant-appellee.

OPINION

DAUGHTREY, Justice.

This workers' compensation case involves an appeal by the plaintiff, Leon Matthews, from an order of summary judgment in favor of the defendant insurance carrier, St. Paul Property and Liability Insurance. The order was based on the trial court's determination that it lacked jurisdiction to hear the case. The plaintiff contends that, contrary to the trial court's judgment, Tennessee has jurisdiction of his claim under T.C.A. § 50-6-115. We agree with this contention, and we therefore reverse the order of summary judgment and remand the cause for further proceedings.

The insured, Shawn–David Transit Company, is an independent trucking company principally located in Sarcoxie, Missouri. Shawn–David Transit leases trucks to a common carrier, Schneider Specialized Carriers, located in Rochester, Minnesota. The plaintiff, Leon Matthews, is a resident of Tennessee.

After seeing an advertisement placed by Shawn–David Transit in a Tennessee newspaper, Matthews contacted the company about possible employment as a truck driver. The personnel manager for Shawn–David Transit apparently obtained the necessary employment information from Matthews over the telephone and referred his application to Schneider Specialized Carriers. The carrier company screened Matthews's application and approved him for employment. Subsequently, a representative of Shawn–David Transit placed a telephone call to Matthews, advising him that he had been approved for employment as an independent contractor truck driver.

According to Matthews, he was "hired over the phone" and subsequently went to Missouri to sign an employment contract with Shawn–David Transit and to take pos-

session of the truck assigned to him. As part of its agreement with Matthews, the trucking company undertook the obligation of providing workers' compensation coverage for him, pursuant to T.C.A. § 50–6–106(1). Matthews described his position as a "48–state driver," meaning that he was available to drive the trucking company's cab, hauling the carrier's trailer, anywhere in the continental United States.

Indeed, it was while Matthews was driving long-distance for Shawn–David Transit that he sustained an injury in Cambridge, Ohio. He notified the trucking company immediately and was contacted by the insurance carrier, St. Paul. A St. Paul official advised Matthews by letter that he had a choice of filing for workers' compensation benefits in Ohio, Missouri, or Tennessee. Matthews chose to file a claim with the state of Ohio, where the injury occurred, but before the claim could be adjudicated, it was dismissed by the Ohio Industrial Commission for lack of jurisdiction. Matthews then filed a claim in Tennessee, but it was once again dismissed for want of jurisdiction, upon the insurance company's motion for summary judgment. This appeal ensued.

Under Tennessee's rules of procedure, summary judgment is appropriate only where "there is no genuine issue as to any material fact and ... the moving party is entitled to the judgment as a matter of law." Tenn.R.Civ.P. 56.03. On reviewing an order granting summary judgment, we are required to "consider the pleadings and the evidentiary materials in a light most favorable to the motion's opponent, and we must draw all reasonable inferences in the opponent's favor." *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn.1991). In this case, viewing the record in a light most favorable to Matthews, we conclude that it fails to support the order of summary judgment.

Under T.C.A. § 50–6–115, a Tennessee court may assume jurisdiction in a workers' compensation action where the accident or injury occurred out of state only in the following circumstances:

If an employee, while working outside the territorial limits of this state, suffers an injury on account of which such employee ... would have been entitled to the benefits provided by this chapter had such injury occurred within this state, such employee ... shall be entitled to the benefits provided by this chapter, provided, that at the time of such injury:

(1) The employment was principally localized within this state; or

(2) The contract of hire was made in this state.

If either of the subsections of the statute is satisfied, Tennessee has jurisdiction over the claim.

█ Examining the record before us with regard to subsection (1), we conclude that Matthews's employment was not "principally localized" within Tennessee. First of all, his status as a resident of Tennessee, standing alone, is insufficient to satisfy subsection (1). Although state residence is a factor to be considered in determining "localization," it is not a controlling factor. *See Ray v. Aetna Casualty & Surety Co.*, 517 S.W.2d 194, 196 (Tenn. 1974).

In addition to residence, however, Matthews points out that under the terms of his employment contract, he was an independent contractor—except for purposes of workers' compensation coverage. He argues that his employment was therefore "localized in Tennessee" because, as an independent contractor, he could be considered "self-employed" and doing business in Tennessee. He cites no authority for this novel argument, however, and our research has failed to reveal any.

█ Had summary judgment been granted solely on the basis of subsection (1), we would be compelled to affirm the chancellor's order. However, we conclude that the facts, viewed in a light most favorable to Matthews, establish jurisdiction in Tennessee on the basis of subsection (2), that is, that the "contract of hire was made in this state."

The question is obviously a close one. The insurance company relies on *Ray v. Aetna Casualty & Surety Co., supra,* and

*Perkins v. BE & K, Inc.*, 802 S.W.2d 215 (Tenn.1990), for the proposition that the contract of hire was made in Missouri and not in Tennessee. We conclude that both of these cases are distinguishable on their facts from the case now before us.

In *Ray*, the employee, a Tennessee resident, received information through a union hiring hall in Memphis about a job opportunity in Missouri. 517 S.W.2d at 195–96. Ray went to Missouri and was hired by a Missouri-based company to work there. He was injured on the job, returned to Memphis for medical treatment, and sued in Tennessee for workers' compensation. This Court, recognizing that the contract of hire was made in Missouri, held that Tennessee did not have jurisdiction over the workers' compensation claim. *Id.*, 517 S.W.2d at 197.

In *Perkins*, a representative of the employer, a Florida corporation, telephoned the employee at his residence in Tennessee. 802 S.W.2d at 216. The representative advised Perkins that the company had job openings at its construction site in Virginia. Perkins proceeded to the Virginia site and completed an employment application there. Subsequently, he worked at the site and was injured in the course of his employment. In holding that Tennessee lacked jurisdiction over the employee's claim, this Court found that the employment contract was made in Virginia, not Tennessee. We ruled that mere notification of available employment was insufficient to establish a contract of hire. *Id.*

In this case, by contrast, we have initial contact concerning employment within the state of Tennessee and evidence of dealing between the parties that amounts to more than mere notification. Indeed, the telephone conversation between Matthews and the representative of Shawn–David Transit bears a much closer similarity to the telephone conversation in *Tolley v. General Accident, Fire and Life Ins. Corp. Ltd.*, 584 S.W.2d 647 (Tenn.1979), than it does to the one in *Perkins*. Tolley was a resident of Missouri who sought work with a Tennessee employer at a job site in Arkansas. *Id.* at 649. He telephoned the prospective employer in Tennessee seeking employment. The employer hired him during the telephone conversation. This Court recognized that:

> Where an acceptance of an offer is given by telephone, it is generally held that the place of contracting is where the *acceptor* speaks his acceptance.

*Id.* at 649, quoting 16 Am.Jur.2d *Conflict of Laws*, § 77 (1979) (emphasis added). Holding that the Tennessee employer was the "acceptor" under the facts as presented, we determined in *Tolley* that the contract of hire had been made in Tennessee and that the trial court therefore had jurisdiction over the claim.

As counsel for Matthews noted in oral argument before this Court, which party constitutes the "acceptor" in a given situation depends not only on context, but also on point of view. In this case, the trucking company advertised for long-haul drivers in a Tennessee newspaper. Matthews responded to this offer to hire by applying for employment. A recruiter for Shawn–David Transit called Matthews at his home in Tennessee and told him he was approved for employment as a truck driver. Matthews agreed to go to work for Shawn–David Transit and, according to his recorded statement, proffered by the insurance company in support of the motion for summary judgment, he was "hired over the phone."

Drawing reasonable inferences in favor of the opponent of the motion for summary judgment, we find that Shawn–David Transit offered Matthews a job during the telephone conversation and that he accepted the offer. The fact that a written contract was later executed in Missouri memorializing the details of the agreement between the trucking company and its new driver does not affect this finding. Moreover, nothing in the written contract purports to control the question of jurisdiction over a claim for workers' compensation. We therefore hold that, under *Tolley*, the "contract of hire" between Shawn–David Transit and Matthews was made in Tennessee and that Tennessee therefore has jurisdiction over the compensation claim.

Accordingly, the judgment of the trial court is reversed, and the case is remanded for further proceedings.

REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ., concur.