Carl Edward HALE, Sr.,
Plaintiff–Appellee,

v.

FRALEY'S, INC. and United States
Fidelity & Guaranty Company,
Defendants–Appellants.

Supreme Court of Tennessee,
at Knoxville.

Feb. 18, 1992.

Michael J. Hickie, Weller, Miller, Carrier, Miller & Hickie, Johnson City, for defendants-appellants.

Max E. Wilson, Mountain City, for plaintiff-appellee.

## OPINION

DROWOTA, Justice.

This workers' compensation case presents an appeal by Defendant-employer and its insurance carrier of an award of thirty-five percent (35%) permanent partial disability to the body as a whole in favor of Plaintiff Carl Edward Hale, Sr. The amount of Plaintiff's disability is not disputed; rather, Defendants contend Plaintiff is not entitled to Tennessee workers' compensation benefits because (1) he did not enter into a contract of hire in Tennessee, and (2) he made a binding election to receive workers' compensation benefits under Virginia law.

Defendant Fraley's, Inc. (Fraley's) is a Virginia-based construction and mining corporation licensed to do business in both Virginia and Tennessee. Plaintiff, a Tennessee resident, was initially hired by Fraley's as a drill operator at a Kingsport, Tennessee job site in 1983. In 1986, Plaintiff was laid off. Three weeks into this layoff, Plaintiff was contacted at his Tennessee home and told by his supervisor to return to work at a Virginia job site. In 1988, Plaintiff suffered an injury to his shoulder while working in Virginia. This injury eventually caused Plaintiff to be temporarily disabled from February 25 to May 1, 1989.

During this period of disability, the Defendants provided Plaintiff with temporary benefit payments pursuant to Virginia Workers' Compensation Law. Contempo-

raneous with receiving his first benefit check, Plaintiff signed the "Memorandum of Agreement" form required by Virginia. Fraley's office manager testified that, while she instructed Plaintiff to sign the form, she did not explain the form to him or in any other manner ascertain if Plaintiff understood what he was signing. Fraley's mailed future weekly benefit checks directly to Plaintiff at his Tennessee home. Plaintiff was never expressly advised he was being paid according to Virginia Workers' Compensation Law.

Plaintiff returned to work on May 1, 1989. Shortly thereafter he was instructed to sign another Virginia Industrial Commission document, an "Agreed Statement of Fact." By signing this form, Plaintiff acknowledged he had received benefit checks totaling $1,981.02 and medical expenses of $537.00.

At some point Plaintiff received a letter from the Virginia Industrial Commission. Plaintiff never responded to this "memorandum" and, when asked if he knew what it was, testified he "thought maybe it might have been because I was hurt." Plaintiff never appeared before the Virginia Commission nor was he represented by counsel at any time relevant to the above proceedings.

Plaintiff continued to receive medical treatment for his shoulder injury throughout the summer of 1989. On October 12, 1989, Plaintiff underwent rotator cuff surgery. He was released from medical care on February 15, 1990, and on April 25, 1990 brought the present suit seeking permanent disability benefits under Tennessee Workers' Compensation Law.

In order to prevail under the circumstances of this case, it must appear that Plaintiff's contract of hire was made in Tennessee and that Plaintiff did not make a binding election to receive workers' compensation benefits under Virginia law. Having conducted a *de novo* review according to the dictates of T.C.A. § 50–6–225(e)(2) (1991), we find Plaintiff is entitled to Tennessee workers' compensation benefits and therefore affirm the decision in the court below.

■ In order for an employee to recover Tennessee workers' compensation benefits for an injury occurring outside the state, his employment must have been "principally localized" in Tennessee or his "contract of hire" must have been made here. T.C.A. § 50–6–115 (1991). Plaintiff contends his contract of hire was made in Tennessee when he began work for Fraley's in 1983. Defendant asserts Plaintiff was "rehired" when he reported to the Virginia job site after his three-week layoff and, therefore, his most recent "contract of hire" was effected in Virginia.

The weight of the evidence points to the conclusion that Plaintiff was hired in Tennessee. A former Fraley's president testified that temporary layoffs are common in the construction industry and that a laid off employee is not considered to have been dismissed. Indeed, upon Plaintiff's return, the parties behaved as though there had been no significant break in service: Mr. Hale was not required to complete an employment application; his health insurance and pension benefits were immediately available. In contrast, new Fraley's employees must fill out a job application and are subject to waiting periods before gaining eligibility for the health and pension plans. In sum, after the layoff, Fraley's and Mr. Hale did not enter into a new contract for hire; rather, they simply resumed the ongoing relationship initially established in Tennessee.

■ Defendants next contend Plaintiff is barred from receiving Tennessee workers' compensation benefits because he made a binding election to receive benefits under Virginia law. Defendants point to Plaintiff's execution of the Virginia "Memorandum of Agreement" and "Agreed Statement of Fact" as demonstrating his binding election. The rule, as recently stated by Chief Justice Reid, is as follows: "The mere acceptance of benefits from another state does not constitute an election, but affirmative action to obtain benefits or knowing and voluntary acceptance of benefits from another state will be sufficient to establish a binding election." *Perkins v.*

*BE & K, Inc.*, 802 S.W.2d 215, 217 (Tenn. 1990).

Here, Defendants made the decision to proceed under Virginia law; Plaintiff, without being given an opportunity to make a knowledgeable and informed choice, merely accepted the benefits which were tendered. *Cf. Hale v. Commercial Union Assur. Cos.*, 637 S.W.2d 865, 867 (Tenn.1982) (discussing the necessity for a knowing, informed choice). The record fails to demonstrate that Plaintiff participated in the claim procedure beyond simply signing two documents. The first document was executed in order to simultaneously receive a benefit check which had *previously* been prepared for him; the second document merely appeared to acknowledge receipt of earlier payments. "Affirmative action to obtain benefits" requires more than the two signatures present here. Plaintiff merely signed these documents under circumstances where a reasonable person would expect to be required to execute a receipt. Under our decisions, Plaintiff's actions are not sufficient to constitute a binding election which would preclude him from receiving benefits under Tennessee law.

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed to Appellants.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.