Michael D. BRADSHAW,
Plaintiff/Appellant,

v.

OLD REPUBLIC INSURANCE
COMPANY, Defendant/Appellee.

Supreme Court of Tennessee,
at Knoxville.

May 13, 1996.

Donald R. Coffey, Knoxville, for Plaintiff/Appellant.

Steven B. Johnson, Knoxville, for Defendant/Appellee.

*OPINION*

BIRCH, Justice.

In this cause, we must determine whether a Tennessee employee who pursued benefits in the foreign state in which the injury occurred is barred from pursuing benefits in Tennessee for the same injury. The trial court determined that the doctrine of election of remedies barred the claim. We agree with the trial court's ruling.

█ The issue before us is one of law. Therefore, our standard of review is *de novo* without a presumption of correctness. *Ridings v. Ralph M. Parsons Co.,* 914 S.W.2d 79, 80 (Tenn.1996); *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn.1993).

The record reveals that at all the pertinent times, Michael D. Bradshaw, the employee, was a citizen and resident of Tennessee. He was employed by Nu–Car Carriers, Inc., a Tennessee-based corporation. His duties included the long-haul transportation and unloading of new vehicles.

Bradshaw sustained an injury while in Maryland on his employer's business.[1] He made minimal efforts to obtain Tennessee benefits, but he was not successful. He consulted a Knoxville attorney who informed him: (1) his claim could be filed either in Maryland or Tennessee; (2) Maryland paid higher benefits than Tennessee; and (3) if unsuccessful in obtaining benefits from Maryland, he could still pursue Tennessee benefits.

---

**1.** Although the Maryland commission found otherwise, at this point we assume the truth of Bradshaw's allegations.

Relying, apparently, on this information, Bradshaw filed an action in Maryland for benefits. The Maryland Workers' Compensation Commission conducted a hearing on this claim on August 20, 1990, and Bradshaw appeared in person.[2] On August 23, 1990, the Commission made the following findings:

The Commission finds on the issues presented that the claimant did not sustain an accidental injury arising out of and in the course of employment as alleged to have occurred on February 21, 1990, and finds that the disability of the claimant is not the result of the alleged accidental injury, and the Commission will disallow the claim filed herein.

Bradshaw, on August 29, 1990, filed a claim for workers' compensation benefits under Tennessee law. After a full hearing, the Chancery Court of Knox County determined that Bradshaw "knew he had a choice and made a conscious and voluntary decision to file in Maryland upon advice that he could get more money in Maryland than in Tennessee." The trial court concluded that Bradshaw's claim for Tennessee benefits was barred under the election of remedies doctrine because he had pursued his claim to a conclusion on the merits in the state of Maryland.

Tennessee Code Annotated § 50–6–115 (1991) provides:

If an employee, while working outside the territorial limits of this state, suffers an injury on account of which such employee ... would have been entitled to the benefits provided by this chapter had such injury occurred within this state, such employee ... shall be entitled to the benefits provided by this chapter; provided, that at the time of such injury:

(1) The employment was principally localized within this state; or

(2) The contract of hire was made in this state.

The fact that the "contract of hire" was made in Tennessee is undisputed. Assuming that Bradshaw could establish the other necessary elements of his claim, the above-quoted statute would, under ordinary circumstances, entitle him to benefits. The circumstances here, however, are not "ordinary," especially in light of Bradshaw's having pursued benefits in Maryland.

■ An employee who sustains an otherwise compensable injury in another state may be barred from Tennessee benefits through operation of the doctrine of election of remedies. Hence, the issue we address is whether Bradshaw's pursuit of Maryland benefits was a clear renunciation of those benefits available to him in Tennessee and, thus, constituted an election of remedies.

The doctrine of election of remedies in interjurisdictional workers' compensation cases was established in *Tidwell v. Chattanooga Boiler and Tank Company,* 163 Tenn. 420, 43 S.W.2d 221 (1931). Tidwell, the employee, was killed in an on-the-job accident in Ohio. His widow applied for and received death benefits under Ohio workers' compensation law. She later sought benefits under Tennessee law. In affirming the trial court's dismissal of the complaint, we held that the rights and remedies granted under Tennessee workers' compensation laws are exclusive and that this exclusivity provision is a part of the employment contract. We found that Tidwell's institution of proceedings in Ohio was a *clear* renunciation or disaffirmance of the Tennessee contract and constituted an irrevocable election of remedies. The Court stated "[t]he obligations of the contract cannot be repudiated in one suit and benefits of that contract be claimed in a subsequent suit." 43 S.W.2d at 223.

We clarified the *Tidwell* holding in *Thomas v. Transport Insurance Company,* 532 S.W.2d 263 (Tenn.1976). Thomas, the employee, was injured while working in Memphis for an Arkansas employer. The employer began paying temporary total disability benefits under the Arkansas workers' compensation law. These payments were, however, terminated at the employee's request.

**2.** As far as we can determine, this hearing compares to a full evidentiary workers' compensation trial in our trial court.

Thomas pursued benefits under Tennessee workers' compensation law and, in an apparent effort to avoid the thrust of *Tidwell*, alleged that the employer had "wrongfully" commenced payment of benefits under Arkansas law. The employer sought dismissal of the action based upon the doctrine of election of remedies as established in *Tidwell*; the trial court granted the motion and dismissed the cause.

We reversed, holding that the circumstances of Thomas' receipt of Arkansas benefits were in dispute. Until the factual dispute was resolved, the Court could not accurately determine whether Thomas had made a "binding" election to accept Arkansas benefits.

Although *Thomas* was not decided on the merits, it is particularly significant because of its holding that the question whether an employee has made a binding election must be determined from a careful examination of the facts. Justice Harbison, writing for the Court, used the phrase "affirmative action" to define the effort an employee must exert to support the conclusion that the election is "binding." Also, if an employee voluntarily, deliberately, and with full knowledge of options accepts benefits under the laws of another state, he may be precluded by his election and may not be entitled to proceed in Tennessee for workers' compensation benefits.

The *Tidwell–Thomas* rationale was expressly reaffirmed in *True v. Amerail Corporation*, 584 S.W.2d 794 (Tenn.1979). In *True*, the employee was a Tennessee resident whose contract required him to work in Virginia. The injury occurred in Virginia, and True applied for and received benefits under Virginia's workers' compensation law. True subsequently pursued Tennessee benefits, and we found that he had made a binding election to proceed under Virginia law. We held, accordingly, that he was barred from proceeding in Tennessee; by affirmative action, knowingly taken, True had clearly renunciated Tennessee benefits.

Of special interest here is the "invitation" extended to the Court by True's counsel to retreat from the *Tidwell* holding. Not only did the Court decline the invitation, it also seized the opportunity to express its continued adherence to the *Tidwell–Thomas* doctrine. The Court stated:

> These authorities are appealing; however, we are not persuaded to sanction a course of conduct that would result in what is essentially a single cause of action being made the subject of lawsuits in two states, absent compelling considerations such as those enumerated in *Thomas*. We are persuaded that the *Tidwell* rule represents a fair approach in those cases wherein the injured workman has made a binding election as indicated by affirmatively seeking and accepting benefits in another state.

*True*, 584 S.W.2d at 797–98 (citation omitted).

The *Tidwell* rationale was again affirmed in *Perkins v. BE & K, Incorporated*, 802 S.W.2d 215 (Tenn.1990). Perkins, a Tennessee resident, sustained an on-the-job injury in Virginia. He executed an "Agreement for Compensation" with the insurance carrier, and the state of Virginia paid disability benefits and medical expenses to Perkins. Subsequently, Perkins sought benefits under the Tennessee workers' compensation law. We held that Perkins, by executing the agreement and accepting benefits, had made a binding election to be compensated under Virginia law and was, thereby, precluded from claiming benefits under Tennessee law.[3] In *Perkins*, we said:

> [T]he circumstances of each case must be considered in determining whether the employee has made a binding election. The mere acceptance of benefits from another state does not constitute an election, but affirmative action to obtain benefits or knowing and voluntary acceptance of benefits from another state will be sufficient to establish a binding election.

*Perkins*, 802 S.W.2d at 217.

Although continuing to adhere to the *Tidwell–Thomas* holdings, the Court has sig-

---

**3.** We also held that the employee was not entitled to benefits under Tennessee law because the employment was not principally localized in Ten- nessee and the contract of hire was not made in this state. *Perkins*, 802 S.W.2d at 216–17.

naled a readiness to mitigate the somewhat harsh effect of *Tidwell–Thomas* when the facts warrant it. Illustrative of this "readiness" is this Court's reasoning in *Gray v. Holloway Construction Company*, 834 S.W.2d 277 (Tenn.1992).

In *Gray*, the employee suffered a work-related injury at the employer's Texas work-site. He received temporary disability benefits from the employer's insurance carrier, National Union Fire Insurance Company. Gray subsequently filed a notice of claim with the Texas Industrial Accident Board. National Union paid his medical bills and temporary disability benefits.

After Gray returned to work, his employer sent him to a Tennessee work-site. While in Tennessee, the employee suffered a second work-related injury; he notified his employer and began receiving temporary disability benefits from National Union. National Union continued making payments until the employee filed a second claim with the Texas board. National Union then discovered that the second injury had actually occurred in Tennessee. Because it did not cover the Tennessee work-site, National Union stopped making payments.

Gray's Texas attorney began negotiating a settlement of the claim on the first injury; but because the second claim was improperly filed against National Union, she referred it to a Tennessee law firm, which filed the claim in Tennessee. After the trial of the Tennessee case, the trial court awarded disability benefits and medical expenses.

On appeal, we rejected the employer's argument that the employee had made a binding election. The filing of the second claim with the Texas board was "legally baseless" because it was filed against the wrong party; thus, no election of remedies occurred. We emphasized that "in affirming this judgment, we do not retreat from the sound principles recognized in ... *Perkins v. BE & K, Inc.*" *Gray*, 834 S.W.2d at 279 (citation omitted). In reviewing the election of remedies cases, we stated:

> The common thread in *Perkins* and *Tidwell*—cases in which recovery in Tennessee was held to be precluded—is the fact that workers injured in other jurisdictions

had both filed out-of-state claims and received awards in those courts or entered into settlements approved by industrial commissions in those states. The common thread in *Thomas* and *Hale*—opinions in which we held that recovery was not precluded—is the fact that the workers in those cases had done no more than accept benefits tendered by their employers' insurance carriers upon notice of injury, at a time when they had too little knowledge to make an "informed choice" about which of two remedies they wished to pursue, and in what forum.

*Gray*, 834 S.W.2d at 280 (citation omitted) (footnote omitted). The Court concluded:

> We adhere to our admonition in *Thomas* and *Perkins:* Under certain circumstances, the pursuit of a compensation claim in another jurisdiction may preclude the filing of the same claim in the courts of Tennessee, especially where it results in an award or an approved settlement. Despite the tendency of the Tennessee cases to resort to the "election of remedies" doctrine ... *the more defensible policy basis for this rule is the prevention of vexations [sic] litigation, of forum shopping, and of double recoveries for the same injury.* In this case, however, the record shows that the plaintiff's initial claim was mistakenly filed against the wrong party, National Union, in the wrong jurisdiction, Texas. It is thus wholly unlike the situation in *Perkins*, where the initial claim was deliberately filed against an appropriate party, BE & K, Inc., in the "right" jurisdiction, Virginia.

> \*　　\*　　\*　　\*　　\*　　\*

> We conclude with this final observation: The palpable if unspoken principle underlying our decision in *Perkins* was *a perceived need to guard against unfair manipulation of the Tennessee legal system* and a possible double recovery by an injured worker who has already secured an adequate compensation award in another jurisdiction. That concern remains a valid one. Nevertheless, to invoke the rule applied in *Perkins* to Walter Gray's case would produce just the opposite result—

instead of a double recovery, there would be no recovery at all. Clearly, that result would constitute a perversion of the otherwise sound policy developed in the line of cases culminating in *Perkins*.

In this regard, we echo the words of the Iowa Supreme Court:

> This doctrine [of election] is not intended either as a trap or as a penalty for a mere mistake. If a litigant, without adequate knowledge of the facts affecting his rights, mistakenly select[s] a remedy to his disadvantage he may upon timely discovery abandon it and pursue another.

*Sackett v. Farmers' State Bank*, 209 Iowa 487, 228 N.W. 51, 54 (1929).

*Gray*, 834 S.W.2d at 282 (emphasis added). We now apply these principles to the facts of the case before us.

■ Bradshaw seeks here to avoid the effect of *Tidwell*. He contends that because his claim in Maryland was denied and because he received no benefits under Maryland law, the *Tidwell* line of cases is distinguishable and that he, like the employee in *Gray*, should, therefore, not be precluded from receiving benefits under Tennessee law. Further, he asserts that the stated purpose of the doctrine of election of remedies is to prevent double redress for a single wrong. Because he has yet to be redressed at all, says Bradshaw, he cannot possibly recover twice. We disagree with Bradshaw's basic premise.

Although *Tidwell, True,* and *Perkins* each involve employees who affirmatively sought and received workers' compensation benefits in another state before seeking benefits in Tennessee, we do not hold that receipt of benefits from the foreign state is a prerequisite for the doctrine of election of remedies to apply. In fact, we particularly emphasize that in our decisions we have never held the actual receipt of benefits as a prerequisite to preclusion where an employee has affirmatively acted to obtain out-of-state benefits.[4] *See Gray*, 834 S.W.2d at 282;[5] *Hale v. Fraley's Inc.*, 825 S.W.2d 690, 691 (Tenn.1992); *Perkins*, 802 S.W.2d at 217; *True*, 584 S.W.2d at 797; *Thomas*, 532 S.W.2d at 267. In our decisions, we have stated the general rule that an employee is precluded from receiving Tennessee benefits if, prior to filing that claim, he or she: (a) affirmatively acted to obtain benefits in another state; or (b) knowingly and voluntarily accepted benefits under the law of another state.

While the actual receipt of benefits may be considered as included in the first factor, it is not dispositive. Three of the policy reasons noted in *Gray* as bases for the rule of preclusion—(1) the prevention of vexatious litigation; (2) the prevention of forum-shopping; and (3) the "need to guard against unfair manipulation of the Tennessee legal system"—are valid even though the employee actually receives benefits under the law of the other state. For these reasons, the present case is distinguishable from *Gray*. It is clear that Bradshaw was, indeed, forum-shopping to obtain the highest benefits possible. While an employee is not to be criticized for seeking the highest benefits to which he or she is legally entitled, Tennessee law does not provide the employee an alternative if he or she affirmatively seeks benefits in another forum and pursues the cause to a decision on the merits—albeit an unfavorable one.

We find that the facts here preclude relief by virtue of the operation of the doctrine of election of remedies. Bradshaw affirmatively acted to obtain benefits under Maryland law. He knew that he could file his claim in Tennessee but decided, instead, to file it in Maryland because he believed, after consulting an attorney, that he would receive higher

---

4. Receipt of benefits is, by definition, an element of the second factor: whether the employee made a knowing and voluntary acceptance of benefits from another state.

5. Although there is language in *Gray* that could be interpreted as requiring actual receipt of benefits, *Gray* should not be so interpreted; as we stated, "[u]nder certain circumstances, the pursuit of a compensation claim in another jurisdiction may preclude the filing of the same claim in the courts of Tennessee, especially where it results in an award or an approved settlement." *Gray*, 834 S.W.2d at 282. This quotation makes it clear that actual receipt of benefits is a factor to be considered, but is not required before the doctrine of election of remedies will be applied.

benefits. The fact that the Maryland claim was denied on the merits does not protect him from the application of the *Tidwell* doctrine. Accordingly, we hold that Bradshaw's affirmative action to obtain benefits in Maryland constituted a binding election that precludes him from claiming benefits under Tennessee law.[6]

The judgment of the trial court is affirmed. The costs on appeal are taxed to the plaintiff/appellant.

ANDERSON, C.J., and DROWOTA and REID, JJ., concur.

WHITE, J., not participating.

6. In addition to arguing that the employee made a binding election of remedies in this case, the employer also argues that the decision of the Maryland commission is entitled to full faith and credit under Art. IV, § 1, of the United States Constitution. *But see True,* 584 S.W.2d at 798. Because the election of remedies issue is dispositive here, we do not reach the Full Faith and Credit Clause issue.