FILED

November 2, 2018

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 2:45 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **EDWARD FONSECA,** | ) | |
| **Employee,** | ) | **Docket No. 2017-06-0537** |
| **v.** | ) | |
| | ) | |
| **RIMAX CONTRACTORS, INC.,** | ) | |
| **Employer,** | ) | |
| | ) | **State File No. 20931-2017** |
| **JAMES MCHUGH** | ) | |
| **CONSTRUCTION,** | ) | |
| **Statutory Employer,** | ) | |
| **And** | ) | |
| | ) | **Judge Joshua Davis Baker** |
| **ARCH INSURANCE COMPANY,** | ) | |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER FOR
## MEDICAL BENEFITS

---

This case came before the Court on October 3, 2018, on Mr. Fonseca's Request for Expedited Hearing. The issues are twofold: first, whether Mr. Fonseca is likely to prevail at a hearing on the merits in proving that Tennessee has jurisdiction rather than Georgia; and second, whether he is likely to prevail against his statutory employer, James McHugh Construction (McHugh) and its insurance carrier, Arch Insurance, in light of its statute of limitations defense. The Court holds Mr. Fonseca is likely to prevail in proving entitlement to benefits in Tennessee, but he is unlikely to prevail in any claims against McHugh and Arch because the statute of limitations bars his claim. The Court, therefore, grants his request for medical benefits against his direct employer, Rimax, but denies all claims against McHugh and Arch.

## History of Claim

Mr. Fonseca performed sheetrock and framing on a commercial construction site in Nashville for Rimax. Mr. Fonseca testified Circle Group hired Rimax to work on the Nashville construction site but that he did not know Circle Group worked for McHugh.

Mr. Fonseca injured his back on May 16, 2016, in a boom lift accident during a collision between an elevator and the boom lift.[1] He reported the accident to a Rimax supervisor and to a Circle Group supervisor. Mr. Fonseca, his coworker, and the Circle Group supervisor signed statements that day describing and referencing the accident.

Mr. Fonseca received emergent care at St. Thomas Midtown Hospital for his back. He reported his injury occurred at work and provided contact information for Rimax. When x-rays were normal, he received treatment for a contusion. An MRI later revealed a disc herniation. His provider, Dr. Lawrence Alexander, recommended a microdiscectomy and rhizotomy.

Mr. Fonseca returned to work three days after his accident but stopped working four weeks later due to increased pain. Despite his choice to leave work, no doctor has taken him off work.

When Rimax did not pay his medical bills or provide compensation, Mr. Fonseca filed a claim for benefits against Rimax and its insurer, Granite State Insurance Company (Granite), in Georgia. He testified he chose Georgia because Rimax was based there, and he assumed that he must file in the state where his employer was located. He then retained a Georgia attorney, who filed a hearing request on his behalf on March 8, 2017.

McHugh introduced documentation from Mr. Fonseca's Georgia claim. According to the documentation, Mr. Fonseca's attorney filed a hearing request on March 8, 2017, and the Georgia State Board of Workers' Compensation promptly set a hearing. Less than a week after filing this request, however, Mr. Fonseca's attorney withdrew from his claim, and the case was continued. Mr. Fonseca hired substitute counsel who helped him answer interrogatories. Shortly after completing the interrogatories, Mr. Fonseca's second attorney notified the Georgia Board that she intended to voluntarily nonsuit the claim for lack of jurisdiction. The Board then deferred ruling on his claim.

Mr. Fonseca also filed a Petition for Benefit Determination (PBD) in Tennessee as a self-represented litigant on March 23, 2017, about two weeks after filing in Georgia. Defense counsel to the Tennessee claim asserted the election of remedies as a defense. However, Mr. Fonseca's claim became even more complex when Granite State secured a

---

[1] Although Mr. Fonseca testified and wrote on his PBD that the injury occurred May 6, 2016, his emergency room records and witnesses' statements are dated May 16, 2016.

default declaratory judgment in the Shelby County Tennessee Circuit Court that excused it from liability for his injury. This left Rimax, who continued as a party to the claim, without representation.

Shortly after, Mr. Fonseca retained counsel in Tennessee. The Court granted Mr. Fonseca's motion to add McHugh, his statutory employer, as a party to his claim and ordered Mr. Fonseca to file and serve a PBD against McHugh, which he did on February 20, 2018.

## Legal Principles and Analysis

Mr. Fonseca need not prove every element of his claim by a preponderance of the evidence to receive relief at an expedited hearing. Instead, he must present sufficient evidence that he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

At the hearing, Mr. Fonseca requested medical treatment and temporary disability benefits. McHugh argued Mr. Fonseca's Georgia hearing request and discovery response constituted affirmative action to obtain benefits from another state precluding any award of Tennessee benefits under the election of remedies doctrine. Further, McHugh argued Mr. Fonseca's claim against McHugh is barred by the statute of limitations because he did not add McHugh as a party within one year of his injury date. For the reasons below, the Court holds Mr. Fonseca did not make a binding election of remedies but failed to timely add McHugh and Arch as a parties.

An employee is "precluded from receiving benefits in Tennessee if the worker (a) affirmatively acted to obtain benefits in another state; or (b) knowingly and voluntarily accepted benefits under the law of another state." *Bradshaw v. Old Republic Ins. Co.*, 922 S.W.2d 503, 507 (Tenn. 1996). The purpose of the election of remedies doctrine is "to prevent forum shopping, vexatious litigation, and double recovery for the same injury." *Id*. at 506. Additionally, the doctrine guards against "unfair manipulation of the Tennessee legal system." *Gray v. Holloway Constr. Co.*, 834 S.W.2d 277, 282 (Tenn. 1992). However, the doctrine does not serve as a trap or penalty for a mere mistake. *See Eadie v. Complete Co.*, 142 S.W.3d 288, 291 (Tenn. 2004). Further, "[t]he mere acceptance of benefits from another state does not constitute an election, but affirmative action to obtain benefits or knowing and voluntary acceptance of benefits from another state will be sufficient to establish a binding election." *Perkins v. BE & K, Inc.*, 802 S.W.2d 215, 217 (Tenn. 1990). So, if an employee "without adequate knowledge of the facts affecting his rights, mistakenly selects a remedy to his disadvantage he may upon timely discovery abandon it and pursue another." *Gray*, at 282.

Here, the Court finds Mr. Fonseca mistakenly attempted to obtain benefits in Georgia but abandoned that attempt upon discovery of the mistake. After his injury, Mr.

3

Fonseca retained an attorney in Georgia and filed a claim. He pursued the claim there because he mistakenly believed he needed to bring suit in the state where Rimax was headquartered. Mr. Fonseca participated in some initial discovery and appeared at a court teleconference through counsel. His Georgia attorney later voluntarily nonsuited the claim upon determining that that Georgia lacked jurisdiction.

Mr. Fonseca's Georgia claim presented no opportunity for double recovery or vexatious litigation as benefits were unavailable in Georgia. The Court finds he made a mistake with the Georgia filing, which he quickly corrected. The Court, therefore, holds he would likely prevail at a hearing on the merits in proving the election of remedies doctrine did not bar his claim.

While the election of remedies doctrine does not bar Mr. Fonseca's claim in total, McHugh also raised a statute of limitations defense to any claims against it or its insurer. The Court holds the defense applicable. Statutes of limitations exist to ensure fairness by prohibiting undue delay in bringing claims and to provide defendants timely notice of potential lawsuits. *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554-55 (1974). In cases where an employer paid no benefits, the Workers' Compensation Law provides that, the employee's "right to compensation shall be forever barred" unless the employee files a PBD within one year after the work-related accident. Tenn. Code Ann. § 50-6-203(b)(1) (2018). Filing suit against a direct employer does not toll the statute of limitations for filing against the principal contractor when the direct employer lacks coverage. *See Jones v. Rodriguez*, 2011 Tenn. LEXIS 343, at *5 (Tenn. Workers' Comp. Panel Apr, 21, 2011) (held that the one-year statute of limitations applies to suits against a principal contractor under Tenn. Code Ann. § 50-6-113); *see also P.H. Reynolds & Co. v. McKnight*, 148 S.W.2d 357, 360 (Tenn. 1941) ("If the injured employee had to wait until remedies against the immediate employer were exhausted, in many instances his right to proceed against the principal contractor would be barred by the one-year statute of limitation[.]").

Mr. Fonseca suffered injury on May 16, 2016. He reported the injury, but Rimax paid no benefits. When Rimax failed to provide benefits, Mr. Fonseca filed a PBD against Rimax and Granite State, its purported insurer. Upon receiving service of the PBD, Granite State secured a declaratory judgment that absolved it of liability. Then on February 20, 2018, approximately one year and nine months after the date of injury, Mr. Fonseca filed a second PBD that added McHugh and Arch as parties to the claim under Tennessee Code Annotated section 50-6-113, a statute that allows for suits against intermediate and principal contractors when the direct employer lacks insurance coverage. McHugh and Arch moved to dismiss the PBD for violation of the one-year statute of limitations. The Court agrees and holds that Mr. Fonseca would be unlikely to prevail at a hearing on the merits in proving his claim for workers' compensation benefits against McHugh and Arch because he failed to file a PBD against them within the statute

4

of limitations.[2] Waiting approximately one year and nine months to assert his claim prejudiced McHugh and Arch, who had no notice until Mr. Fonseca filed his PBD.

Despite the unlikelihood of success in his claims against McHugh and Arch, Mr. Fonseca's case against Rimax remains viable. To recover benefits, he must show he suffered an injury arising primarily out of and in the course and scope of employment that caused the need for medical treatment. "An injury arises primarily out of and in the course and scope of employment only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(14).

Mr. Fonseca testified he injured his back in a boom lift accident during a collision between an elevator and a boom lift while working for Rimax. The medical evidence supports his claim of injury, and Rimax provided no proof contradicting his testimony or medical evidence. The Court, therefore, holds Mr. Fonseca would likely prevail at a hearing on the merits in proving he suffered an injury arising primarily out of and in the course and scope of his employment for Rimax.

When an employee suffers a work injury, Tennessee law requires the employer to provide medical and surgical treatment "made reasonably necessary" by a workplace accident at no cost to the employee. The Court finds Mr. Fonseca was reasonable is seeking treatment on his own with Dr. Alexander because Rimax failed to provide a panel of physicians. The Court appoints Dr. Alexander as the authorized treating physician. *See Young v. Young Elec. Co.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at *18 (May 25, 2016) (citing *GAF Bldg. Materials v. George*, 47 S.W.3d 430, 433 (Tenn. Workers' Comp. Panel 2001) ("An employer who denies liability for a compensable injury is in no position to insist upon the statutory provisions respecting the choosing of physicians.")).

Rimax must provide Mr. Fonseca "medical and surgical treatment . . . as ordered by the attending physician . . . made reasonably necessary by accident." Tenn. Code Ann. § 50-6-204(a)(1)(A). In addition, any treatment recommended by the authorized treating physician "shall be presumed to be necessary for treatment of the injured employee." *Id.* at § 50-6-204(a)(3)(H). Dr. Alexander recommended microdiscectomy and rhizotomy for Mr. Fonseca's back. Rimax shall provide this treatment.

Mr. Fonseca also seeks temporary disability benefits. To recover temporary total disability benefits at an expedited hearing, he must show he would likely prevail at

---

[2] The parties argued a motion to dismiss at the end of the hearing. Upon review of the record, McHugh and Arch only requested dismissal in their brief without filing a formal motion. For that reason, the Court determined that granting dismissal at this time would not be appropriate. This ruling does not prevent McHugh and Arch from filing a motion seeking dismissal.

hearing on the merits in proving: (1) he is totally disabled and unable to work due to a compensable injury, (2) the work injury and inability to work are causally connected, and (3) the duration of his disability. *Jewell v. Cobble Constr. and Arcus Restoration,* 2015 TN Wrk. Comp. App. Bd. LEXIS 1, at *21 (Jan. 12, 2015). Mr. Fonseca failed to provide proof of all three requirements, so the Court denies his claim for temporary disability benefits at this time.

It is **ORDERED** as follows:

1. Rimax shall provide Mr. Fonseca continuing medical treatment with Dr. Lawrence Alexander including the recommended surgery.

2. Mr. Fonseca's request for temporary disability benefits is denied at this time.

3. The Court denies Mr. Fonseca's request for benefits from McHugh Construction and Arch Insurance as his claims against them are barred by the statute of limitations.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please email the Workers' Compensation Compliance Unit at WCCompliance.Program@tn.gov.

**ENTERED ON NOVEMBER 2, 2018.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

6

# APPENDIX

<u>Exhibits</u>:

1. Medical Records
2. Mr. Fonseca's Affidavit
3. Statements dated May 16, 2016
4. Notice of Claim, Georgia State Board of Workers' Compensation
5. Medical Release Form, Georgia State Board of Workers' Compensation
6. Mr. Fonseca's Interrogatory Responses, Georgia State Board of Workers' Compensation
7. Notice of Hearing, Georgia State Board of Workers' Compensation, March 9, 2017
8. Correspondence, Georgia State Board of Workers' Compensation, March 14, 2017
9. Correspondence, Georgia State Board of Workers' Compensation, April 5, 2017
10. Notice of Hearing, Georgia State Board of Workers' Compensation, March 24, 2017
11. Order, Georgia State Board of Workers' Compensation, August 14, 2017
12.  Map (Image Capture) and Photo
13. Translation of Edward Fonseca's May 16, 2016 statement
14. Translation of Juan Romero's May 16, 2016 statement

<u>Technical Record</u>:
1. Request for Expedited Hearing filed August 31, 2017
2. Dispute Certification Notice filed July 10, 2017
3. Petition for Benefit Determination filed March 23, 2017
4. Rimax/Granite State's Response to Employee's Request for Expedited Hearing
5. Rimax/Granite State's Motion to Continue Expedited Hearing
6. Motion to Withdraw
7. Order Granting Motion to Withdraw
8. Notice of Appearance
9. Granite State Ins. Company's Limited Notice of Appearance
10. Motion to Amend Dispute Certification Notice to add James McHugh Construction
11. Order of Dismissal with Prejudice as to Granite State Ins. Company entered February 12, 2018
12. Order Granting Motion to Amend Pleadings by Adding Parties entered February 13, 2018
13. Notice of Appearance of Counsel for the Alleged Statutory Employer filed March 29, 2018
14. Statutory Employer's and Insurer's Motion for Permission to File a Third

Party Action against Immediate Employer and Most Immediate Subcontractor

15. Request for Expedited Hearing filed August 30, 2018
16. Employee's Rule 72 Declaration (English) filed August 30, 2018
17. Employee's Rule 72 Declaration (Spanish) filed August 30, 2018
18. Statutory Employer's and Insurer's Response to Request for Expedited Hearing and Motion to Dismiss with Exhibits
19. Motion to Accept Late Filing
20. Petition for Benefit Determination February 20, 2018 against Statutory Employer, McHugh Construction
21. Dispute Certification Notice April 5, 2018
22. Petitions for Benefit Determination filed September 26, 2018, by Statutory Employer for third party claims against The Circle Group and Rimax.

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on November 2, 2018

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| David Goodman, Employee's Attorney | | | X | dgoodman@forthepeople.com |
| Sean Hunt, Attorney for James McHugh Construction | | | X | sean@thehuntfirm.com |
| Rimax Contractors, Inc. | X | | X | 2940 Horizon Park Drive, Suite C Suwanee, Georgia 30024 ricardo@rimaxcontractors.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**wc.courtclerk@tn.gov**

9