

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Mark Girardeau | ) Docket No. 2018-02-0644 |
| | ) |
| v. | ) State File No. 15312-2018 |
| | ) |
| Danny Herman Trucking, Inc., et al. | ) |
| | ) |
| and | ) |
| | ) |
| Rosemary Girardeau | ) Docket No. 2018-02-0623 |
| | ) |
| v. | ) State File No. 15313-2018 |
| | ) |
| Danny Herman Trucking, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Brian K. Addington, Judge | ) |

---

### Affirmed and Remanded

---

In these consolidated interlocutory appeals, the employees assert that they are entitled to Tennessee workers' compensation benefits. The employer argues the employees elected to pursue benefits in another state and cannot now seek Tennessee benefits pursuant to Tennessee's election of remedies doctrine. In response, the employees contend the employer is estopped from claiming a binding election of remedies because it initiated and paid benefits under Tennessee law before any documents were filed in another state seeking benefits there. Following an evidentiary hearing, the trial court denied the employees' request for Tennessee benefits, concluding the employees knowingly and willingly pursued benefits in another state and are not likely to succeed in establishing an entitlement to Tennessee benefits. The employees have appealed. Having carefully reviewed the record, we affirm the trial court's orders and remand the cases.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Gregory H. Fuller, Brentwood, Tennessee, for the employees-appellants, Mark Girardeau and Rosemary Girardeau

1

Richard R. Clark, Jr., Nashville, Tennessee, for the employer-appellee, Danny Herman Trucking, Inc.

## Factual and Procedural Background

This case involves two claims consolidated for appeal that were filed by a husband and wife driving team. Mark and Rosemary Girardeau ("Employees"), residents of Georgia, drove a truck for Danny Herman Trucking, Inc. ("Employer"), located in Johnson County, Tennessee. On February 4, 2018, Employees were driving a truck in Missouri for Employer when they were involved in a multi-car collision. At the time of the accident, Mr. Girardeau was driving and Mrs. Girardeau was in the sleeping compartment. Both complained of neck and back pain and other symptoms stemming from the accident.

Following the accident, Employees received initial medical care in Missouri. Soon thereafter, Employer sent a letter to Employees advising them that their claims for workers' compensation benefits were being handled under Tennessee law because "[r]egardless of where employees claim a residence, employees are subject to Tennessee Workers' Compensation Jurisdiction and Laws." On or about March 16, 2018, Employees signed Tennessee Choice of Physician forms (Form C-42) selecting Dr. Dmitri Sofianos, a physician located near their Georgia residence, as their authorized physician. Following their first visit with Dr. Sofianos, they were restricted from driving, lifting, or bending. As a result, Employees began receiving temporary total disability benefits pursuant to Tennessee law, and Employer filed a First Report of Payment form with the Tennessee Bureau of Workers' Compensation.

Thereafter, two events occurred that gave rise to the current dispute. First, Employees received notice from Employer that they were being offered light duty work at a local non-profit organization. Mr. Girardeau testified he did not believe he could return to any type of work given his driving restriction. Because the accident giving rise to their claims occurred in Missouri, Employees had retained Missouri counsel to represent them with respect to any personal injury claims. After receiving the letter regarding the return-to-work assignment, Mr. Girardeau contacted his Missouri personal injury attorney and asked whether that firm could assist him with a workers' compensation issue. Employees were referred to another attorney in that firm who handled workers' compensation matters. Apparently, unbeknownst to Employees, this attorney contacted the Missouri Division of Workers' Compensation to seek relief from the return-to-work assignment.[1] However, because Dr. Sofianos modified his work restrictions to restrict them from any work, this issue was not pursued further.

---

[1] The record is unclear as to whether the Missouri attorney filed claims for compensation with the Missouri Division of Workers' Compensation in response to the dispute regarding the return-to-work assignment or the subsequent dispute involving Employer's request for medical examinations.

2

Next, Employer informed Employees they were to be evaluated by another physician, Dr. William Dasher. Employees objected to this request because Dr. Dasher's office was located more than one hundred miles from their residence and because they were satisfied with Dr. Sofianos's care. Mr. Girardeau contacted his Missouri attorney, who again sought relief from the Missouri Division of Workers' Compensation. According to Employees' affidavits, their Missouri attorney filed documents with the Missouri Division of Workers' Compensation and attended a "hardship hearing" on May 31, 2018, following which a Missouri workers' compensation judge ordered them to attend the medical evaluation with Dr. Dasher.

On January 18, 2019, Employees filed requests for expedited hearings in the Tennessee Court of Workers' Compensation Claims. In addition, on February 21, 2019, upon Employees' motion, the Missouri Division of Workers' Compensation entered orders of dismissal without prejudice as to Employees' claims, which were identified as "Claims for Compensation."[2] In response to Employee's requests for an expedited hearing in Tennessee, Employer took the position that Employees knowingly and willingly elected to pursue benefits in Missouri and were therefore precluded from seeking benefits in Tennessee. Employees responded that they never knowingly sought or received benefits in Missouri but merely retained a Missouri attorney to respond to certain demands from Employer. They denied having any knowledge that their Missouri attorney filed documents with the Missouri Division of Workers' Compensation that could be interpreted as "claims for compensation." Moreover, Employees argued that Employer should be estopped from asserting an election of remedies defense because it had already initiated benefits in Tennessee.

Following an expedited hearing, the trial court concluded Employees had not shown they were likely to prevail in pursuing Tennessee benefits because, based on the preponderance of the available evidence, they had taken affirmative steps to pursue benefits in Missouri. The trial court denied Employees' requests for additional benefits under Tennessee law. Employees have appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2018). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at

---

[2] The "Claims for Compensation" filed in Missouri were not included in the record.

*6 (Tenn. Workers' Comp. Panel Jan. 18, 2018).  Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions.  *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013).  We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer.  Tenn. Code Ann. § 50-6-116 (2018).

**Analysis**

Employees raise three issues on appeal: (1) whether the trial court erred in concluding Employees made a binding election of remedies to pursue Missouri benefits; (2) whether the trial court erred in failing to apply the equitable estoppel doctrine based on Employer's voluntary initiation of benefits in Tennessee; and (3) whether the trial court erred in excluding from evidence an email from Employer's counsel purportedly explaining the basis of Employer's decision to discontinue temporary disability benefits.

*Election of Remedies*

It is well established that an employee can waive his or her right to pursue workers' compensation benefits under Tennessee law in circumstances where the employee elects to pursue benefits under the laws of another state.  *See, e.g.*, *Bradshaw v. Old Republic Ins. Co.*, 922 S.W.2d 503, 504 (Tenn. 1996); *Tidwell v. Chattanooga Boiler & Tank Co.*, 43 S.W.2d 221, 223 (Tenn. 1931).  In order to make such an election, the employee must have "(a) affirmatively acted to obtain benefits in another state; or (b) knowingly and voluntarily accepted benefits under the law of another state."  *Eadie v. Complete Co.*, 142 S.W.3d 288, 291 (Tenn. 2004).  The "mere acceptance of benefits" under the laws of another state, without proof that it was a knowing and voluntary acceptance, is insufficient to show a binding election of remedies.  *Perkins v. BE & K, Inc.*, 802 S.W.2d 215, 217 (Tenn. 1990).

In *Russell v. Transco Lines, Inc.*, No. E2015-02509-SC-R3-WC, 2017 Tenn. LEXIS 393 (Tenn. Workers' Comp. Panel June 20, 2017), the employees were a husband and wife truck-driving team from Tennessee working for a company based in Arkansas.  *Id.* at *1.  They were injured in a motor vehicle collision in Louisiana, and the employer voluntarily initiated benefits under Arkansas law.  *Id.* at *1-2.  When the employees pursued a workers' compensation claim in Tennessee, the employer objected on the basis that the Tennessee court did not have jurisdiction and that the employees had elected to receive benefits under Arkansas law.  *Id.*  In arguing that the employees made a binding election of remedies, the employer pointed to actions of the employees' attorney's paralegal, who had sent emails to the employer's counsel inquiring about Arkansas workers' compensation procedures.  *Id.* at *23.  The Special Workers' Compensation

4

Appeals Panel rejected the employer's arguments, holding that the employees did not make a binding election of remedies because: (1) they were not consulted before Arkansas benefits were initiated; (2) they signed no documents pertaining to Arkansas workers' compensation benefits; and (3) they took no affirmative action to pursue Arkansas benefits. *Id.* at *24.

On the other hand, in *Eadie*, the employee filed a claim for benefits in South Carolina, requested a hearing in South Carolina, and his attorney took depositions in that action. *Eadie*, 142 S.W.3d at 289. Under such circumstances, the Tennessee Supreme Court concluded a binding election of remedies had occurred that precluded him from seeking benefits in Tennessee. *Id.* at 291-92; *see also Clevinger v. Burlington Motor Carriers, Inc.*, No. 03S01-9508-CV-00092, 1996 Tenn. LEXIS 462, at *11 (Tenn. Workers' Comp. Panel July 10, 1996) (an employee's signing of an "Agreement for Compensation" under Virginia law constituted a binding election of remedies).

In the present case, following the initiation of Tennessee benefits, Employees sought counsel from their Missouri attorneys regarding disputes over their workers' compensation claims. The proof presented at the expedited hearing indicate Employees' Missouri attorneys filed "Claims for Compensation" with the Missouri Division of Workers' Compensation, requested and attended a "hardship hearing" in Missouri, and received a decision from a Missouri judge compelling Employees to attend a medical evaluation.[3] Such proof is closer to the facts in *Eadie* than those in *Russell*. Accordingly, we conclude the preponderance of the evidence supports the trial court's determination that Employees have not shown they are likely to prevail at trial in establishing an entitlement to Tennessee benefits.

*Equitable Estoppel*

Employees next argue that because Employer began paying Tennessee benefits, it is estopped from asserting that Employees later made a binding election to pursue benefits in another state. In support of this proposition, Employees cite prior cases in which the equitable estoppel doctrine has been applied to workers' compensation cases where the employer asserted the expiration of the statute of limitations. *See, e.g.*, *American Mut. Liability Ins. Co. v. Baxter*, 357 S.W.2d 825 (Tenn. 1962) (employer is estopped from asserting a statute of limitations defense where the injured employee justifiably relies on a misrepresentation or concealment of a material fact on the part of the employer). The cases cited by Employee stand for the proposition that a party, who by language or conduct entices another party to take action or fail to take action, cannot then rely on that party's action or inaction to defend the claim. *Saylor v. Trotter*, 255

---

[3] Because "[l]awyers are agents and have *prima facie* authority to speak for their client through pleadings and negotiations," parties are generally bound by the actions of their attorneys. *Simmons v. O'Charley's*, 914 S.W.2d 895, 902 (Tenn. Ct. App. 1995).

S.W. 590, 593 (Tenn. 1923). The doctrine is premised on the idea that parties should "deal honestly and fairly" with other parties. *Id.*

However, Employees have cited no cases, and we have found none, in which the equitable estoppel doctrine has been applied against an employer in a case involving an election of remedies defense. Moreover, there is a distinguishing characteristic between the cases cited by Employees and the present case. Here, Employees have not alleged that Employer engaged in misrepresentation or concealment with respect to Employee's election of remedies. There is no allegation that Employer enticed Employees to consult attorneys in Missouri or file documents with the Missouri Division of Workers' Compensation. Moreover, there is no proof that Employer sought the "hardship hearing" under Missouri law or compelled Employees' attorneys to attend such a hearing. As noted by the trial court, it is Employee's election of remedies, not Employer's. The mere fact that Employer initiated benefits in Tennessee did not in any way entice Employees to take action in Missouri. Thus, we find no merit to Employee's arguments on this issue.

*Exclusion of Evidence*

Finally, Employees argue the trial court erred in excluding from evidence an email written by Employer's attorney that purportedly explained the basis for Employer's decision to terminate or suspend Tennessee benefits. Employees argue that the email "should have been admitted as evidence at the Expedited Hearing to support the Employee's claims that the Employer/Insurance Carrier had acted in bad faith and wrongfully denied temporary disability benefits under Tennessee law."

In the present case, the issues of jurisdiction and election of remedies were threshold issues. Because the trial court determined that Employees were not likely to succeed in establishing entitlement to any additional Tennessee benefits, it was unnecessary for the trial court to address whether Employer had denied additional Tennessee benefits "in bad faith." As a result, the email in question, whether properly excluded or not, was irrelevant to the trial court's ultimate decision. Because we affirm the trial court's decision to deny additional Tennessee benefits at this stage of the litigation, we conclude that the evidentiary issue raised by Employees is pretermitted.

**Conclusion**

For the foregoing reasons, the trial court's order is affirmed, and the case is remanded. Costs on appeal are taxed to Employees.

6



| | | |
|---|---|---|
| Mark Girardeau | ) | Docket No. 2018-02-0644 |
| | ) | |
| v. | ) | State File No. 15312-2018 |
| | ) | |
| Danny Herman Trucking, Inc., et al. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Rosemary Girardeau | ) | Docket No. 2018-02-0623 |
| | ) | |
| v. | ) | State File No. 15313-2018 |
| | ) | |
| Danny Herman Trucking, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 16th day of July, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|------|------|------|------|------|------|------|
| Gregory H. Fuller | | | | | X | ghfuller@mijs.com rcedens@mijs.com |
| Richard R. Clark, Jr. | | | | | X | rclark@eraclides.com |
| Brian K. Addington, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | penny.patterson-shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov