

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

FILED
**Aug 30, 2024**
**07:08 AM(CT)**
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

| | | |
|---|---|---|
| Michael S. Phillips | ) | Docket No. 2021-08-0717 |
| | ) | |
| v. | ) | State File No. 46505-2021 |
| | ) | |
| Western Express, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Amber E. Luttrell, Judge | ) | |

---

### Affirmed and Certified as Final

---

The employee appeals the trial court's order granting summary judgment in favor of the employer and dismissing the case. The employee, a resident of Oklahoma, reported two work-related injuries occurring in 2020 while he was employed by a trucking company based in Tennessee. The employee received medical treatment and retained an attorney in Oklahoma, who filed a First Notice of Claim for Compensation with the Oklahoma Workers' Compensation Commission in December 2020. Subsequently, the employee's Oklahoma claim was dismissed with prejudice in January 2022 because he did "not demonstrate an intent to pursue this claim." In the meantime, the employee, acting in a self-represented capacity, filed petitions with the Tennessee Bureau of Workers' Compensation in July 2021, March 2022, and May 2023. After a period of discovery, the employer filed a motion for summary judgment based on Tennessee's election of remedies doctrine. After a hearing, the trial court granted summary judgment in favor of the employer, and the employee appealed. Upon careful consideration of the record, we affirm the trial court's order and certify it as final.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Michael S. Phillips, Oklahoma City, Oklahoma, employee-appellant, pro se

D. Andrew Saulters, Nashville, Tennessee, for the employer-appellee, Western Express, Inc.

1

**Factual and Procedural Background**

Michael S. Phillips ("Employee"), a sixty-nine-year-old Oklahoma resident, worked for Western Express, Inc. ("Employer"), a Tennessee trucking company. In July 2021, Employee, in a self-represented capacity, filed a petition for benefits with the Tennessee Bureau of Workers' Compensation, alleging he sustained a work-related injury on December 17, 2020, when he fell out of the sleeping compartment of a truck and struck the floor of the truck.[1] He reported injuries to his back, pelvis, and leg.[2]

At the time Employee filed his initial petition in Tennessee, a claim for workers' compensation benefits was pending in the State of Oklahoma, having been filed by an attorney retained by Employee. The Oklahoma Workers' Compensation Commission ("Commission") uses a document called a CC-FORM-3, entitled "Employee's First Notice of Claim for Compensation." The CC-FORM-3 filed with the Oklahoma Commission, purportedly signed by both Employee and his attorney in December 2020, described two incidents: (1) an April 27, 2020 accident in which he injured his left leg, both knees, back, pelvis, and neck when he "was thrown" while "using a cheater bar to tighten chains"; and (2) a November 30, 2020 "re-injury" in which he "fell out of the top bunk." In January 2021, Employee's attorney served Interrogatories and Requests for Production of Documents on an insurance company in Oklahoma City. Then, on February 1, 2021, Employee's attorney filed a CC-FORM-9 "Request for Hearing" seeking temporary total disability benefits and medical benefits. There is no indication in the record on appeal as to whether such a hearing ever occurred, and there are no other documents in the record concerning Employee's Oklahoma claim until an "Order Dismissing Claim with Prejudice" was entered by an Oklahoma administrative law judge on January 18, 2022. In that order, the judge concluded that "[t]he Oklahoma Workers' Compensation Commission has jurisdiction of this claim," but that "[t]he Claimant has not and does not demonstrate an intent to pursue this claim."

With respect to the Tennessee claim, Employer filed a motion for summary judgment in December 2023 arguing that Employee's claim is barred by Tennessee's election of remedies doctrine. After delaying a hearing on Employer's motion once, the trial court scheduled a telephonic hearing to occur in May 2024, after which it issued an order granting summary judgment on June 5, 2024. In its order, the Court concluded the election of remedies doctrine precludes Employee from maintaining a claim for workers' compensation benefits in Tennessee. It therefore dismissed Employee's claim with prejudice. Employee has appealed.

---

[1] The July 21, 2021 petition does not specify the state in which the truck was located when this incident occurred.

[2] Employee subsequently filed two more petitions in March 2022 and May 2023, each alleging a December 17, 2020 accident date but describing different events.

**Standard of Review**

The interpretation and application of statutes and regulations are questions of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). The grant or denial of a motion for summary judgment is also a question of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

**Analysis**

In his notice of appeal, Employee does not allege any errors on the part of the trial court in granting Employer's motion for summary judgment. Instead, he merely reiterates his allegations that he suffered two work-related injuries in 2020. Moreover, Employee did not file a brief expressing any factual or legal arguments in support of his appeal. As we have noted previously, it is not our role to search the record for possible errors or to formulate legal arguments in favor of Employee where he has provided no argument or authority to support his position. *Bryant v. Industrial Staffing Servs.*, No. 2018-08-1014, 2020 TN Wrk. Comp. App. Bd. LEXIS 41, at *8 (Tenn. Workers' Comp. App. Bd. Feb. 25, 2020). Were we to search the record for possible errors and raise issues or formulate arguments for Employee, we would be acting as his counsel, which the law prohibits. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). *See also Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her.").

Moreover, Employee did not respond to Employer's evidence or arguments regarding the applicability of the election of remedies doctrine. Under that doctrine, "an employee who . . . 'actively pursues a claim *in a venue that has jurisdiction*, is barred from filing a subsequent claim in Tennessee.'" *Goodwin v. Morristown Driver's Servs.*, No. E2019-01517-SC-R3-WC, 2020 Tenn. LEXIS 157, at *7 (Tenn. Workers' Comp. Panel June 15, 2020) (quoting *Gray v. Holloway Constr. Co.*, 834 S.W.2d 277, 279 (Tenn. 1992) (emphasis in original)). A claim may be barred by the doctrine of election of remedies even when the employee receives no benefits in the other jurisdiction. *Bradshaw v. Old Republic Ins. Co.*, 922 S.W.2d 503, 507 (Tenn. 1996).

Here, for purposes of the motion for summary judgment, it was undisputed that Employee, through counsel, filed a claim for benefits in Oklahoma in December 2020, sent discovery requests to the opposing party, and requested a hearing. Although the record is silent as to whether any such hearing occurred, we agree with the trial court that Employer produced unrefuted evidence that Employee actively pursued a claim for workers' compensation benefits in Oklahoma. Moreover, the order of the administrative law judge dismissing Employee's Oklahoma claim explicitly found that the Oklahoma Workers' Compensation Commission had jurisdiction over Employee's claim for benefits. Thus, we conclude Employer met its burden of production under Tennessee Rule of Civil Procedure 56 to negate an essential element of Employee's Tennessee claim. In response to this evidence, Employee presented nothing to create a genuine issue of material fact regarding the applicability of the election of remedies doctrine. Thus, we conclude the trial court did not err in granting Employer's motion for summary judgment and dismissing the case.

## Conclusion

For the foregoing reasons, we affirm the trial court's order granting summary judgment and dismissing the case, and we certify that order as final. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| Michael S. Phillips | ) | Docket No. 2021-08-0717 |
|---|---|---|
| | ) | |
| v. | ) | State File No. 46505-2021 |
| | ) | |
| Western Express, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Amber E. Luttrell, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 30th day of August, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Michael S. Phillips | | | | X | michaelsphillips1@gmail.com |
| Drew Saulters | | | | X | dsaulters@ortalekelley.com jarmstrong@ortalekelley.com |
| Amber E. Luttrell, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov